**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In re BAYCOL PRODUCTS LITIGATION**

MDL No. 1431 (MJD/JGL)

**O R D E R**

This document relates to:

**RONWIN v. BAYER CORPORATION**

Case No. 02-0200

---

APPEARANCES

Edward Ronwin, pro se

Peter Sipkins, Esq. for Defendant

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of District Court on Defendant's Motion to Dismiss as Sanction for Failure to Comply with Discovery Orders (Doc. No. 20). The case has been referred to the undersigned for resolution of pretrial discovery matters pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order 52.

Defendant Bayer Corporation ("Bayer") contends that Plaintiff Edward Ronwin ("Ronwin") refuses to produce a completed Plaintiff's Fact Sheet ("PFS") and executed Authorizations unless Bayer produces certain information to him personally even though such information is being produced to the Plaintiffs' Steering Committee. The PFS was due to be served by May 3, 2002. Thus, Bayer asks the Court to order Ronwin to produce the PFS within

FILED NOV 25 2002
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD ______
DEPUTY CLERK ______

ten days or to show cause why his case should not be dismissed with prejudice.

Ronwin admits that he has not produced a PFS, relying in part on the Local Rules for the District of Wyoming. Ronwin is advised that the Local Rules for the District of Wyoming do not apply in this case. His case has been transferred to the District of Minnesota, and thus, the Local Rules of this District apply. Also, the Pretrial Orders issued in this case govern his case and supplement the Local Rules or supersede them if they are in conflict. Thus, the Court orders Ronwin to produce a completed PFS and executed authorizations in accordance with Pretrial Orders 4, 10, and 12.

On an additional note, Bayer brings its motion pursuant to Federal Rule of Civil Procedure 37(a) and (b). Rule 37(a) provides that a party "may apply for an order compelling disclosure or discovery" by motion. Fed. R. Civ. P. 37(a). The Court has interpreted Bayer's present motion as a motion to compel under Rule 37(a) and has ordered Ronwin to produce the requested discovery. Rule 37(b) establishes sanctions if a party refuses to comply with an order entered under Rule 37(a). The aspect of Bayer's motion brought pursuant to this subsection is premature because until now, there was no order entered under Rule 37(a), and there has been no showing that Ronwin has not complied with this Order. Pretrial Order 4 is not an order to compel under Rule 37(a).

Accordingly, Ronwin is ordered to produce a completed PFS and authorizations by December 9, 2002. If Ronwin fails to obey this Order to compel, Bayer may file a new motion for dismissal under Rule 37(b), or in the alternative, Bayer may choose to employ Pretrial Order 54.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss as Sanction for Failure to Comply with Discovery Orders (Doc. No. 20) is **GRANTED** as to the request to compel discovery and **DENIED WITHOUT PREJUDICE** as to the request to dismiss. Ronwin is ordered to produce a completed PFS and authorizations by December 9, 2002.

Dated: November 26, 2002

JONATHAN LEBEDOFF
Chief United States Magistrate Judge