**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**In re BAYCOL PRODUCTS LITIGATION**

MDL No. 1431 (MJD/JGL)

**O R D E R**

This document relates to:

**RONWIN v. BAYER CORPORATION**

Case No. 02-0200

---

APPEARANCES

Edward Ronwin, pro se

Peter Sipkins, Esq. for Defendant Bayer Corporation

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter is before the undersigned Chief Magistrate Judge of United States District Court on the following motions by Plaintiff Edward Ronwin: Motion Concerning Events Leading to This Court's Order Entered November 24, 2002; Motion to Order Availability of Discovery; and Motion For Order Concerning Service of Documents by Ronwin. The case has been referred to the undersigned for resolution of pretrial discovery matters pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order 52.

## I. BACKGROUND

*Pro se* Plaintiff Edward Ronwin filed suit in Wyoming state court against Bayer Corporation ("Bayer"), alleging that he has been injured by his

MAR 04 2003
FILED
RICHARD D. SLETTEN, CLERK
JUDGMENT ENTD
DEPUTY CLERK

use of Baycol. Bayer removed the case to the United States District Court for the District of Wyoming, and the case was then transferred to this Court as part of the Multi-District Litigation involving Baycol ("MDL").

**A. Electronic Service and Filing**

To manage the MDL, the Honorable Michael J. Davis of the United States District Court has ordered all parties represented by counsel to file and serve documents electronically through Verilaw Technologies, Inc. ("Verilaw"). PTO No. 18. The Court further ordered that *pro se* litigants may file and serve through Verilaw or by the traditional manner authorized under the Federal Rules of Civil Procedure. Id. Under the Court's Order, if *pro se* litigants choose to file and serve in the traditional manner, they must serve twelve counsel listed on Attachment A to PTO No. 4 and must also serve all filings upon Verilaw. PTO Nos. 4 and 18.

For providing electronic filing services, Verilaw charges various fees, including user fees and filing fees. Verilaw's filing fees are $10.00 per document plus $0.30 per page. According to Mr. Ronwin, Verilaw has waived the fees that he would ordinarily be required to pay in order to obtain a user name and password. Mr. Ronwin has filed a Motion for Order Concerning Service of Documents by Ronwin, asking the Court for an order either 1) requiring Verilaw to serve papers submitted by Mr. Ronwin without charge, or 2) allowing Mr. Ronwin to serve less than all of the attorneys noted on Attachment A to PTO 4.

**B. Submissions Regarding Plaintiff Ronwin**

In November, 2002, Defendant Bayer filed a Motion to Dismiss as Sanction for Failure to Comply with Discovery Orders against Plaintiff Ronwin. In that motion, Bayer argued that Plaintiff Ronwin's claims should be dismissed because he failed to produce a completed Plaintiff's Fact Sheet ("PFS") and executed authorizations. Mr. Ronwin argued that he had not produced the completed PFS and authorizations because Bayer had not produced certain information to him personally, although such information was being produced to the Plaintiffs' Steering Committee. In support of the motion, Bayer submitted a November 4, 2002 "Declaration of Thomas G. Gorman" ("Gorman Declaration"). Thomas Gorman, Esq. is counsel for Bayer in Cheyenne, Wyoming. The Gorman Declaration describes a visit by Mr. Ronwin to Counsel Gorman's offices in October, 2001:

> On October 9, 2001, plaintiff Edward Ronwin came to the offices of Hirst & Applegate in Cheyenne, Wyoming. To my recollection, Mr. Ronwin did not have an appointment with anyone employed by Hirst & Applegate, but instead appeared unexpectedly. Mr. Ronwin provided a copy of general product information about Baycol, such as package inserts, with an employee of Hirst & Applegate. To my knowledge, no one employed by Hirst & Applegate had requested a copy of such records.
>
> In January and February 2002, I received by mail copies of miscellaneous medical records for Mr. Ronwin from Dr. Richard R. Heuser, Colorado Cardiovascular Surgical Associates, P.D., and University of Colorado Hospital. Upon information and

> belief, these healthcare providers produced such records after receiving a release directly from Mr. Ronwin.

Gorman Declaration.

Defense counsel Peter Sipkins, Esq., executed the motion to dismiss and memorandum in support of the motion. This Court denied Bayer's motion to dismiss but compelled Mr. Ronwin to produce a completed PFS and authorizations.

Mr. Ronwin has filed a Motion Concerning Events Leading to This Court's Order Entered November 25, 2002. Mr. Ronwin claims that the Gorman Declaration "is a fraud... and designed to inflict injury on Ronwin." Mr. Ronwin asserts that the Declaration is false for among the following reasons:

> 1) Mr. Ronwin gave an employee of Mr. Gorman's office a single "package insert" along with other discovery materials, as opposed to multiple "package inserts" as alleged in the Declaration;
>
> 2) Mr. Ronwin did not appear "unexpectedly" at Mr. Gorman's offices as stated in the Declaration, but instead for a conference expected under the Local Rules of the District of Wyoming; and
>
> 3) The Declaration states that no one had requested a copy of the records brought by Mr. Ronwin, but Mr. Ronwin brought the records to ensure compliance with the Local Rules of the District of Wyoming, which requires parties to exchange discovery items and exhibits.

In the Motion Concerning Events Leading to this Court's Order Entered November 25, 2002, Mr. Ronwin seeks action by this Court against Counsel Gorman for making the statements and against Counsel Sipkins for relying on the statements and signing the corresponding memorandum without making adequate inquiry into the underlying facts.

**C. Plaintiff Ronwin's Discovery**

Defendants have produced substantial discovery to Plaintiffs which is maintained in a document depository established by the Plaintiffs Steering Committee, pursuant to PTO No. 4. PTO No. 4 ¶ V.E.(b). PTO No. 4 also requires parties to obtain documents from the depository or from their Liaison Counsel, rather than making duplicate requests for the same documents on Defendants. PTO No. 4, ¶ VI.D.

Mr. Ronwin requested documents from Bayer's counsel, who informed him that responsive documents had already been produced and were in the Baycol Document Depository in the office of Plaintiffs' Liaison Counsel. Mr. Ronwin then contacted Liaison Counsel and requested two particular types of discovery materials, including "summaries" of each Baycol dosage study that Defendants performed with human subjects and copies of letters that Defendants sent to medical practitioners. Liaison Counsel conducted a computer search of the Document Depository and responded that the search yielded approximately 5,100 documents. Based on materials submitted by Mr. Ronwin, personnel in the office of Liaison Counsel spent eight hours

formulating computer searches to attempt to identify these materials from the document database which apparently encompasses approximately 2,000,000 pages of discovery materials. Liaison Counsel has informed Mr. Ronwin that it would cost approximately $400 to copy and ship the responsive materials. Since speaking with Liason Counsel, Mr. Ronwin has determined that he also seeks production of Bayer, A.G. financial information relating to the sale of Baycol.

Mr. Ronwin asserts that he does not have the money to pay for the copying and shipping of the requested documents. Mr. Ronwin believes that he could reduce the bulk of the requested documents if he travels to Minnesota and reviews them. Accordingly, Mr. Ronwin has filed his Motion to Order Availability of Discovery, asking this Court to compel Liaison Counsel to supply him with his requested discovery pending a possible trip to Minneapolis by Mr. Ronwin.

Defendant Bayer opposes Ronwin's motions. Defendant SmithKline Beecham Corp. and the other Plaintiffs have taken no position on Mr. Ronwin's motions.

## II. DISCUSSION

### A. Motion for Order Concerning Service of Documents by Ronwin

Mr. Ronwin requests that this Court either compel Verilaw to serve papers submitted by him without charge or to allow him to serve less than the twelve attorneys who ordinarily must be served pursuant to PTO No. 4. If the

Court orders the first option, Mr. Ronwin offers to "make effort to reimburse Verilaw" if his "cash situation... should improve to a reasonable degree." Defendant Bayer opposes Mr. Ronwin's motion, noting that he has not filed for *in forma pauperis* status.

In order to assist people with limited financial means to have fair access to the legal system, Congress has established the procedure by which litigants can proceed *in forma pauperis*. 28 U.S.C. § 1915. If Mr. Ronwin files for and qualifies for *in forma pauperis* status, this Court may evaluate his ability to pay Verilaw's charges in light of the information disclosed. Until that time, this Court finds that Mr. Ronwin has provided no support for his motion, which in effect requests that he be treated differently from the other thousands of plaintiffs in this MDL. While this Court is sensitive to the fact that litigation can be costly and particularly challenging for claimants with limited incomes to pursue, this Court also believes that it would be inequitable to exempt a single plaintiff from bearing the ordinary costs of participating in this litigation as the costs occur. Accordingly, Mr. Ronwin is expected to follow the service and filing procedures set forth in the Court's Pretrial Orders, and his Motion for Order Concerning Service of Documents is denied.

### B. **Motion Concerning Events Leading to this Court's Order Entered November 25, 2002.**

Mr. Ronwin moves the Court for an order directed against Thomas Gorman, Esq. and Peter Sipkins, Esq. giving them a warning and awarding sanctions against them. Defendant Bayer opposes the motion.

Federal Rule of Civil Procedure 11 allows courts to sanction attorneys that have made representations to the court which have no evidentiary support or which are presented for an improper purpose. Fed. R. Civ. P. 11. In reviewing an allegation that Rule 11 has been violated, the court must apply an "objective reasonableness" standard. Miller v. Bittner, 985 F.2d 935, 938 (8th Cir. 1993) (quoting N.A.A.C.P. - Special Contribution Fund v. Atkins, 908 F.2d 336, 339 (8th Cir. 1990) and O'Connell v. Champion Int'l Corp., 812 F.2d 393, 395 (8th Cir. 1987)). Before filing a claim, an attorney must conduct a reasonable inquiry of the factual and legal bases for the allegations. Miller, 985 F.2d at 939; O'Connell, 812 F.2d at 395. A "reasonable inquiry" may include reliance on information from another attorney. See Miller, 985 F.2d at 939. In determining whether sanctions are appropriate for a misstatement of fact, a court may consider whether the factual errors are significant and relate to an essential element of the pleading. See Greenberg v. Sala, 822 F.2d 882, 886-87 (9th Cir. 1987).

In the present case, the Court finds no conduct that warrants the imposition of Rule 11 sanctions. This Court has carefully reviewed the Gorman Declaration and has accepted Mr. Ronwin's description of his visit to Counsel Gorman's offices. Relying entirely on Mr. Ronwin's assertion of the facts, it appears that the one possible factual error claimed in the Gorman Declaration is the allegation that Mr. Ronwin brought "package inserts" to the office, instead of a single package insert. This potential error is insignificant and was

immaterial to this Court's determination of Bayer's motion to dismiss. The other claimed violations, including that Mr. Ronwin appeared "unexpectedly" and brought records which no one requested, are not falsehoods but instead appear to arise from a simple misunderstanding between the parties. Counsel Gorman did not expect Mr. Ronwin to appear at that particular time and date, nor did he specifically request Mr. Ronwin to bring the records; Mr. Ronwin does not dispute that he did not have a specific appointment time, but explains that under the Local Rules for the District of Wyoming, he was obligated to meet with counsel and produce exhibits within a specified period of days. This situation does not present a deliberate falsehood to the Court. Moreover, none of the alleged misstatements were material to this Court in its review of the motion before it or were in any way significant to its determination.[1] Accordingly, this Court finds the existence of no Rule 11 violations, and Mr. Ronwin's motion is denied.

**C. Motion to Order Availability of Discovery**

Plaintiff Ronwin moves the Court for an order compelling Liaison

---

[1] In Mr. Ronwin's Reply to Defendant Bayer Corp.'s Memorandum in Opposition to Ronwin's Motions for Sanctions and to Modify Discovery and Filing Procedures, Mr. Ronwin addresses at length Footnote No. 2 in Bayer's memorandum which mentions Mr. Ronwin's experiences with the Arizona and Iowa bars and the Eighth Circuit Court of Appeals. Mr. Ronwin has also presented, for *in camera* review, materials relating to his dealings with the Iowa bar, asking the Court to file the same under seal. This Court does not consider Footnote No. 2 to be material to this motion and therefore its contents and the related material submitted by Mr. Ronwin were not considered in its determination. Mr. Ronwin's materials will be filed under seal as requested.

Counsel to supply him with the "discovery materials Ronwin believes necessary" pending a possible trip to Minneapolis by Mr. Ronwin to reduce the amount of paper produced. Defendant Bayer opposes the motion to the extent it seeks any additional discovery from Bayer; no other response to Mr. Ronwin's motion has been received.

The parties in this case are expected to pay the actual cost of copying documents and incidental costs associated with document requests. While this Court is sympathetic to the financial challenges presented by discovery in this MDL, it also understands the difficulties associated with attempting to narrow the number of documents responsive to Mr. Ronwin's requests. Considering the magnitude and complexity of documents available, the Court believes that the $400.00 quoted as the cost of copying and shipping the responsive documents to be reasonable and likely a fraction of what other parties are required to expend in pursuing discovery in this litigation. Accordingly, this Court will not order the other parties to absorb the cost of copying and shipping Mr. Ronwin's discovery materials. Mr. Ronwin's motion is denied.

Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1) Plaintiff Ronwin's Motion Concerning Events Leading to This Court's Order Entered November 24, 2002 (Doc. No. 25) is **DENIED**;

2) Plaintiff Ronwin's Motion to Order Availability of Discovery (Doc. No. 24) is **DENIED**;

3) Plaintiff Ronwin's Motion For Order Concerning Service of Documents by Ronwin (Doc. No. 26) is **DENIED**; and

4) Materials submitted by Plaintiff Ronwin for *in camera* review in support of his above-described motions will be filed under seal and kept confidential, not to be disclosed to non-Court personnel without Court Order, after motion and opportunity to object by Plaintiff Ronwin.

Dated: March 4, 2003

JONATHAN LEBEDOFF
Chief United States Magistrate Judge