E-SERVED
05/05/04
03:10 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| **In re: BAYCOL PRODUCTS LITIGATION** | **MDL No. 1431 (MJD/JGL)** |
| **This Document Relates To:** | |
| Edwin Ronwin v. Bayer Corp. | Case No. 02-0200 |
| Chester T. Hennington, et al. v. Bayer Corp., et al. | Case No. 03-2936 |
| Kevin Hughes v. Bayer Corp., et al. | Case No. 03-5910 |
| Luberta Lawson,et al. v. Bayer Corp., et al. | Case No. 03-5912 |
| James Richardson v. Bayer Corp., et al. | Case No. 02-4823 |
| Donald Randall v. Bayer Corp., et al. | Case No. 02-4827 |
| Mary Bynum, et al. v. Bayer Corp., et al. | Case No. 03-1176 |
| Willard Watts v. Bayer Corp., et al. | Case No. 03-2935 |
| Joseph Holifield v. Bayer Corp., et al. | Case No. 03-4969 |
| Jeffrey Varas v. Bayer Corp., et al. | Case No. 03-4977 |
| Rosa Lee Jackson v. Bayer Corp., et al. | Case No. 03-4989 |
| Azell Green v. Bayer Corp., et al. | Case No. 03-4991 |
| Ruth Hodge v. Bayer Corp., et al. | Case No. 03-5092 |
| Barbara Anderson, et al. v. Bayer Corp., et al. | Case No. 03-5945 |
| Vadie Mae Alexis, et al. v. Bayer Corp., et al. | Case No. 03-6225 |
| Lucretia Lazere et al. v. Bayer Corp., et al. | Case No. 04-1241 |
| Jose Guerra et al. v. Bayer Corp., et al. | Case No. 04-1242 |
| Muriel Parilla v. Bayer Corp., et al. | Case No. 04-1243 |
| Annie Andrews, et al. v. Bayer Corporation | Case No. 03-4932 |
| Maney Anglin, et al. v. Bayer Corporation | Case No. 03-4942 |
| Judy Baldwin, et al. v. Bayer Corporation | Case No. 03-4930 |
| Dorothy Bennett, et al. v. Bayer Corporation | Case No. 03-4938 |
| Sharon Carter, et al. v. Bayer Corporation | Case No. 02-1361 |
| Curtis Coates, et al. v. Bayer Corporation | Case No. 03-1175 |
| Cindy Dickerson, et al. v. Bayer Corporation | Case No. 03-1173 |
| Alice Dowling et al. v. Bayer Corporation | Case No. 03-4931 |
| Mary Ellis, et al. v. Bayer Corporation | Case No. 03-4933 |
| Sis Grubbs, et al. v. Bayer Corporation | Case No. 03-4934 |
| David Hester, et al. v. Bayer Corporation | Case No. 02-0871 |
| George Jenkins, et al. v. Bayer Corporation | Case No. 03-4943 |
| Kenneth Michael, et al. v. Bayer Corporation | Case No. 03-6415 |
| Mary Richardson, et al. v. Bayer Corporation | Case No. 03-4935 |
| Charles Rogers, et al. v. Bayer Corporation | Case No. 03-4936 |
| Verlean Toles, et al. v. Bayer Corporation | Case No. 03-1174 |
| Clarence Wheeler, et al. v. Bayer Corporation | Case No. 03-4941 |

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

| | |
|---|---|
| Albert Williams, et al. v. Bayer Corporation | Case No. 03-4937 |
| Willie Womack, et al. v. Bayer Corporation | Case No. 03-4939 |
| Jeffery Woods, et al. v. Bayer Corporation | Case No. 03-4940 |
| Hattie Ruth Wright, et al. v. Bayer Corporation | Case No. 02-0870 |

---

| | |
|---|---|
| Toni Andress, et al. v. Bayer Corp., et al. | Case No. 03-5853 |
| Mateo Aolmarez, et al. v. Bayer Corp., et al. | Case No. 03-5396 |
| Leticia Arellano, et al. v. Bayer Corp., et al. | Case No. 04-864 |
| Kathleen Bagnato, et al. v. Bayer Corp., et al. | Case No. 03-5425 |
| Anthony Beam, et al. v. Bayer Corp., et al. | Case No. 03-5078 |
| Laura Beavers, et al. v. Bayer Corp., et al. | Case No. 03-5906 |
| Freda Bledsoe, et al. v. Bayer Corp., et al. | Case No. 03-5864 |
| Beverly Bryant, et al. v. Bayer Corp., et al. | Case No. 04-866 |
| Sigrid Carpenter, et al. v. Bayer Corp., et al. | Case No. 03-5393 |
| Guadalupe Castillo, et al. v. Bayer Corp., et al. | Case No. 03-5414 |
| Gary Chenette, et al. v. Bayer Corp., et al. | Case No. 03-5326 |
| Elfie Clark, et al. v. Bayer Corp., et al. | Case No. 03-5394 |
| Benny Cox, et al. v. Bayer Corp., et al. | Case No. 03-5327 |
| Norma Dean Damron, et al. v. Bayer Corp., et al. | Case No. 04-208 |
| Leo Danforth, et al. v. Bayer Corp., et al. | Case No. 03-5392 |
| Elva Dikes, et al. v. Bayer Corp., et al. | Case No. 03-5391 |
| Jose Espinoza, et al. v. Bayer Corp., et al. | Case No. 03-5421 |
| Carol Etame, et al. v. Bayer Corp., et al. | Case No. 04-0221 |
| Carl Frey, et al. v. Bayer Corp., et al. | Case No. 03-5894 |
| Michael Frisnia, et al. v. Bayer Corp., et al. | Case No. 03-5389 |
| Ramona Garcia, et al. v. Bayer Corp., et al. | Case No. 03-5395 |
| Teresa Galloway, et al. v. Bayer Corp., et al. | Case No. 03-5887 |
| Irene Gosch, et al. v. Bayer Corp., et al. | Case No. 03-5417 |
| David Goss, et al. v. Bayer Corp., et al. | Case No. 04-226 |
| Sidney Gottlieb, et al. v. Bayer Corp., et al. | Case No. 03-5867 |
| Mary Greenhill, et al. v. Bayer Corp., et al. | Case No. 03-5329 |
| Frances Gregg, et al. v. Bayer Corp., et al. | Case No. 04-211 |
| Francine Gunder-Bricq v. Bayer Corp., et al. | Case No. 04-223 |
| Willard Hall, et al. v. Bayer Corp., et al. | Case No. 03-5357 |
| Nancy Hamlin, et al. v. Bayer Corp., et al. | Case No. 03-5355 |
| Dorothy Harris, et al. v. Bayer Corp., et al. | Case No. 03-5067 |
| Laura Hornback, et al. v. Bayer Corp., et al. | Case No. 03-5076 |
| Evelyn Husband, et al. v. Bayer Corp., et al. | Case No. 03-5412 |
| Dorothy Jemmison, et al. v. Bayer Corp., et al. | Case No. 03-5886 |
| Cardell Jones, et al. v. Bayer Corp., et al. | Case No. 03-5905 |
| Henry Jones, et al. v. Bayer Corp., et al. | Case No. 03-5073 |
| Martha Jones, et al. v. Bayer Corp., et al. | Case No. 03-5069 |
| Rosa Jones, et al. v. Bayer Corp., et al. | Case No. 04-227 |
| Rose Jones, et al. v. Bayer Corp., et al. | Case No. 04-210 |
| Virgina Killen, et al. v. Bayer Corp., et al. | Case No. 03-5335 |
| Delores King, et al. v. Bayer Corp., et al. | Case No. 03-5419 |

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

| | |
|---|---|
| Charles Kruse, et al. v. Bayer Corp., et al. | Case No. 03-5390 |
| Sylvia Landrum, et al. v. Bayer Corp., et al. | Case No. 03-5873 |
| Helen Lanier, et al. v. Bayer Corp., et al. | Case No. 03-5885 |
| Mary Lumpkin, et al. v. Bayer Corp., et al. | Case No. 03-5888 |
| William Matthews, et al. v. Bayer Corp., et al. | Case No. 03-5328 |
| Hubert Medlock, et al. v. Bayer Corp., et al. | Case No. 03-5388 |
| Donald Wayne Mills, et al. v. Bayer Corp., et al. | Case No. 03-5890 |
| Samual Moore, et al. v. Bayer Corp., et al. | Case No. 03-5332 |
| Joann Nelson, et al. v. Bayer Corp., et al. | Case No. 03-5415 |
| Sally Nielsen, et al. v. Bayer Corp., et al. | Case No. 03-5897 |
| Alfred Nwokobia, et al. v. Bayer Corp., et al. | Case No. 03-5359 |
| Inez Orta, et al. v. Bayer Corp., et al. | Case No. 04-1296 |
| Dorothy Pampell, et al. v. Bayer Corp., et al. | Case No. 03-5416 |
| Bertha Porter, et al. v. Bayer Corp., et al. | Case No. 03-5325 |
| Geraldine Pulaski, et al. v. Bayer Corp., et al. | Case No. 03-5420 |
| Lisa Ann Renfroe, et al. v. Bayer Corp., et al. | Case No. 03-5072 |
| Maragarita Reyes et al. v. Bayer Corp., et al. | Case No. 03-5418 |
| Joe Rice, et al. v. Bayer Corp., et al. | Case No. 03-5422 |
| Margaret Roberts, et al. v. Bayer Corp., et al. | Case No. 03-5904 |
| Annie Sanders, et al. v. Bayer Corp., et al. | Case No. 03-5863 |
| Thelma Scales, et al. v. Bayer Corp., et al. | Case No. 03-5907 |
| Argatha Scarlato, et al. v. Bayer Corp., et al. | Case No. 03-5865 |
| Joy Shadley, et al. v. Bayer Corp., et al. | Case No. 03-5070 |
| Iris Shepherd, et al. v. Bayer Corp., et al. | Case No. 03-5387 |
| Sheri Simmons, et al. v. Bayer Corp., et al. | Case No. 03-5077 |
| Mary Smith, et al. v. Bayer Corp., et al. | Case No. 03-5386 |
| Doris Spearman, et al. v. Bayer Corp., et al. | Case No. 03-5333 |
| Mary Sprouse, et al. v. Bayer Corp., et al. | Case No. 03-5075 |
| James Tennyson, et al. v. Bayer Corp., et al. | Case No. 04-865 |
| James Tucker, et al. v. Bayer Corp., et al. | Case No. 03-5895 |
| Eduardo Villnueva, et al. v. Bayer Corp., et al. | Case No. 03-5424 |
| William Weekley, et al. v. Bayer Corp., et al. | Case No. 03-5426 |
| Wilma White, et al. v. Bayer Corp., et al. | Case No. 03-5857 |
| Bonard Wilborn, et al. v. Bayer Corp., et al. | Case No. 03-5364 |
| Kenneth Williams, et al. v. Bayer Corp., et al. | Case No. 03-5358 |
| Beverly Willingham, et al. v. Bayer Corp., et al. | Case No. 03-5889 |
| Martha Willingham, et al. v. Bayer Corp., et al. | Case No. 03-5365 |
| Carrie Woliver, et al. v. Bayer Corp., et al. | Case No. 04-0206 |
| Mildred Wright, et al. v. Bayer Corp., et al. | Case No. 03-5896 |

**DEFENDANTS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM PARTS I(A) and I(B) of PTO 114**

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

## I. INTRODUCTION

If plaintiffs could get to a jury simply by alleging that Baycol caused their muscle aches, then plaintiffs would not have dismissed with prejudice *all but five* of the muscle injury cases in the PTO 89 discovery program. With the prospect of actually preparing a Baycol case for trial, plaintiffs recognize that they need evidence beyond their own lay opinions.

Nevertheless, four law firms and one *pro se* plaintiff have now asserted that 16 states would allow such unsupported claims to go to trial. Their theory is that proof of case-specific causation in a Baycol case is no more complicated than linking a broken hip to a slip-and-fall on an icy sidewalk, so expert testimony is not required.

These plaintiffs are wrong on the facts and the law. Plaintiffs' experts have testified that determining the cause of a plaintiff's muscle complaints is a complex diagnostic process. *See infra*, Part III. And each of the 16 states at issue in these motions has recognized that expert testimony on case-specific causation is required in pharmaceutical and similarly complex medical cases. *See infra*, Part IV. The Court should therefore deny plaintiffs' motions and direct plaintiffs to comply with the requirements of PTO 114.

## II. PROCEDURAL BACKGROUND

PTO 114 § I (F) provides that:

> A plaintiff may bring a motion, prior to the applicable deadline, before this court seeking relief from the provisions of Parts I (A) and I (B) if the plaintiff asserts that no applicable law requires a case-specific expert report attesting that Baycol caused the plaintiff to suffer injuries or damages, or that no supporting medical, sample or prescription records exist, or that no report or records are available.

Although PTO 114 § I (F) permits relief under three bases, each of the pending motions relies solely on the first basis: that no applicable law requires a case-specific expert report attesting that Baycol caused the plaintiff to suffer injuries or damages.

E-SERVED
05/05/04
03:10 PM ET
Baycol MDL 1431

To date, *pro se* plaintiff Edward Ronwin and four law firms have filed motions for relief under PTO 114 § 1 (F). The five motions contend that 16 states – Alabama, Arizona, California, Florida, Georgia, Illinois, Kentucky, Louisiana, Mississippi, Pennsylvania, Ohio, Tennessee, Texas, Virginia, West Virginia, and Wyoming – would not require an expert report to prove causation if these cases were pending in those states' courts. The Shannon law firm and the Beasley Allen law firm have submitted virtually identical briefs, while the Shelby Roden law firm and the Cory Watson law firm filed two-sentence "us too" briefs adopting the Shannon and Beasley Allen firms' briefs. *Pro se* plaintiff Ronwin argues that expert testimony is not required to establish that his torn rotator cuff was caused by Baycol.

## III. PLAINTIFFS' ARGUMENTS ARE BASED ON THE ERRONEOUS PREMISE THAT CASE-SPECIFIC CAUSATION IS OBVIOUS IN THESE CASES.

Plaintiffs argue that, because an expert is not needed where a lay person's testimony is sufficient to establish "an *obvious* causal relationship," expert testimony on case-specific injury and causation is not required here. *See* Shannon Br. at 4; Beasley Br. at 5 (original emphasis). Plaintiffs are half right. Defendants do not dispute that there are some circumstances in which plaintiffs do not need expert testimony to get to a jury. For instance, "expert testimony [i]s not required in a medical malpractice case that relie[s] on a 'slip and fall' theory." *See Baker v. Abo*, 2003 WL 21639151, at *4 (D. Minn. Jul. 2, 2003) (Tunheim, J.) (discussing case in which elderly plaintiff broke her hip after falling in a nursing home). However, "***expert testimony is required*** where the causation issues involve questions beyond the ken of ordinary lay witnesses." *Id.* (emphasis added).

Plaintiffs err in suggesting — without support — that their alleged muscle injuries and other ailments are so obviously connected to their use of Baycol that lay witnesses can opine on this issue. *See* Shannon Br. at 3; Beasley Allen Br. at 3 ("This case is, from an evidentiary

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

view, analogous to vehicular accident and other personal injury cases"). One need look no further than the testimony of plaintiffs' own experts to see that the premise of plaintiffs' argument is unsound.

The PSC's expert witnesses have testified to the complexity of the question of causation in Baycol cases. Dr. Thomas Zizic admitted that muscle pain and weakness — the injuries alleged by most plaintiffs in this MDL[1] — are common complaints that can be caused by many disorders. Deposition of Thomas M. Zizic, M.D. (Ex. B) at 42-43, 185-90. Moreover, they are subjective complaints, not readily open to objective diagnosis. *Id.* at 69-70. A physician must perform a differential diagnosis in order to determine what condition may be responsible for any muscle pain or weakness. *Id.* at 184. Dr. Zizic testified that this diagnostic process requires the physician to weigh many different types of information:

> I think that a meticulous history and physical examination, appropriate laboratory and imaging studies, other diagnostic tests, and the judicious use of consultants who have a greater breadth of knowledge in certain areas than I do. It is the normal differential diagnostic process which goes on with internal medicine and. . . particularly rheumatology.

*Id*. at 41. As noted by Dr. Zizic, this process is not without uncertainty and requires the physician to muster all the testing, observation, and skill at his/her command. *See id.* at 40 (making a diagnosis requires the physician to deal "with multi-system diseases that can occur with symptoms sequentially often separated by months or years, it sometimes becomes a very difficult diagnostic process to sort out . . . .").

Similarly, Dr. George Kaysen testified that making a diagnosis is both science and art, subscribing to the same basic approach of taking a history, physical exam, laboratory

[1] Appended to this brief as Exhibit A is a summary of the injury alleged in the fact sheets of the first-named plaintiffs of each captioned case in the first four motions. Most of the plaintiffs complain solely of aches and pains.

E-SERVED
05/05/04
03:10 PM ET
Baycol MDL 1431

assessment and other data. Deposition of George Kaysen, M.D. (Ex. C) at 38. Dr. Kaysen testified that it is important to investigate alternative causes of injury when making a diagnosis, as this is standard medical practice. *Id.* at 38-39, 41. Dr. Kaysen also acknowledged that there are dozens of different causes of rhabdomyolosis including trauma, crush injury, metabolic abnormalities, enzyme deficiencies, seizures, snake bite, gun shot wounds, and malnutrition. *Id.* at 42-43. Likewise, there are many causes of muscle aches and pains. *Id.* at 50-51. The job of the physician is to sort through and eliminate alternate causes.

If diagnosing a purportedly Baycol-related injury is a tricky matter for a physician, then surely injury and causation cannot be established by a lay person doing a self-diagnosis. Plaintiffs, therefore, are mistaken in asserting that proof of causation in a pharmaceutical products liability case is akin to a car accident or a slip and fall.

## IV. EACH OF THE PLAINTIFFS' HOME STATES REQUIRES EXPERT EVIDENCE TO ESTABLISH CAUSATION IN COMPLEX CASES.

Because plaintiffs have based their argument on an erroneous premise — that proof of injury and causation is obvious — they have cited the wrong cases in arguing that their cases can go forward without expert testimony. *None* of the cases cited by plaintiffs involved pharmaceutical products or complex questions of medical causation. Instead, each of plaintiffs' cited cases involved obvious cause-and-effect relationships that may be established by lay testimony. *See, e.g.*, *Hubbard v. Commonweath*, 932 S.W.2d 381, 383 (Ky. Ct. App. 1996) (fall from a ladder); *Page v. Cox & Cox, Inc.*, __ So.2d __, 2004 WL 406085 *4 (Ala. Civ. App. Mar. 5, 2004) (automobile accident); *Dawson v. Briggs*, 107 S.W.3d 739, 753-54 (Tex. App. 2003) (lifting injury); *Simmons v. King*, 833 So.2d 1148, 1152 (La. App. 2d Cir. 2002) (slip-and-fall accident); *Orman v. Williams Sonoma, Inc.*, 803 S.W.2d 672, 676 (Tenn. 1991) (same).

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

As the list below demonstrates, courts in the 16 states at issue in these motions have held that expert testimony is required where medical causation is complex, such as in product liability cases involving prescription drugs, medical devices, over-the-counter dietary supplements, or toxic exposure.

- **Alabama**: *McClain v. Metabolife Int'l, Inc.*, 193 F. Supp. 2d 1252, 1258 (N.D. Ala. 2002) ("an expert is required to prove causation in this case, as the interplay between ephedrine, caffeine, and the other ingredients in Metabolife 356, the varying states of pre-existing ill-health of Plaintiffs, and their various ultimate injuries is 'complex and technical in nature'"); *Cooper v. Toshiba Home Tech. Corp.*, 76 F. Supp. 2d 1269, 1276 (M.D. Ala. 1999) ("When the product in question is of a complex and technical nature such that a lay juror could not, in the absence of expert testimony, infer that a defective condition of the product caused the product's failure and caused the resulting injury to the plaintiff, expert testimony is a necessary component of a plaintiff's case.").

- **Arizona**: *Cloud v. Pfizer, Inc.*, 198 F. Supp. 2d 1118, 1138-39 (D. Ariz. 2001) (dismissing plaintiff's claim that the prescription drug Zoloft caused her husband to commit suicide after striking proposed expert's testimony because, "in the absence of [the expert's] testimony, Plaintiff cannot prove causation").

- **California**: *Sanderson v. International Flavors & Fragrances, Inc.*, 950 F. Supp. 981, 985, 1004 (C.D. Cal. 1996) (in product liability action involving alleged exposure to aldehydes contained in perfumes, court granted summary judgment in favor of defendant where plaintiff's expert testimony on causation was inadmissible; "in order to hold a defendant liable, plaintiff must prove "'a reasonable medical probability based upon competent expert testimony that the defendant's conduct contributed to plaintiff's injury'") (citation omitted); *Cottle v. Superior Court*, 3 Cal. App. 4th 1367, 1385 (1992) ("In California, causation must be founded upon expert testimony and cannot be inferred from the jury's consideration of the totality of the circumstances unless those circumstances include the requisite expert testimony on causation."); *Jones v. Ortho Pharm. Corp.*, 163 Cal. App. 3d 396, 402-03 (1985) ("The law is well settled that in a personal injury action causation must be proven within a reasonable medical probability based upon competent expert testimony.").

- **Florida**: *Blinn v. Smith & Nephew Richards, Inc.*, 55 F. Supp. 2d 1353, 1361 (M.D. Fla. 1999) (granting summary judgment on negligence and strict liability claims in medical device case where plaintiff presented no expert testimony on defect or causation, given that "[u]nder either theory, Plaintiff would be required to provide expert testimony that the product was defective and evidence that the product caused the injury of which she complains."); *Haggerty v. Upjohn Co.*, 950 F. Supp. 1160, 1167 (S.D. Fla. 1996) (after determining that expert opinion was inadmissible based on *Daubert* in product liability case involving the prescription drug Halcion, court concluded that "[w]ithout this [expert] testimony, Plaintiff cannot establish a genuine issue of material fact as to causation, and [defendant] is entitled to summary judgment on this claim."), *aff'd*, 158 F.3d 588 (11th Cir. 1998).

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

- **Georgia**: *Lawson v. Smith & Nephew Richards, Inc.*, 1999 WL 1129677, *2 (N.D. Ga. 1999) (court held in medical device case that "[e]xpert medical testimony is required to carry a plaintiff's burden of proving causation under Georgia products liability law. . . . In the absence of expert medical testimony as to causation, no genuine issue of material fact exists, and the court must grant summary judgment for Defendant.").

- **Illinois**: *Wintz v. Northrop Corp.*, 110 F.3d 508, 515 (7th Cir. 1997) (in product liability action involving alleged bromide exposure, court indicated that "[u]nder Illinois law, to serve as the sole basis for a conclusion that an act was the proximate cause of the plaintiff's injury, an expert must be able to testify with a reasonable degree of medical certainty that proximate cause existed."); *Wooten v. Johnson & Johnson Prods., Inc*., 635 F. Supp. 799, 804-05 (N.D. Ill. 1986) (granting summary judgment to defendants, in part, because plaintiff failed to meet his burden of establishing that the decedent died as a result of an allergic reaction to prescription drug where expert affidavit and report on causation were inadmissible).

- **Kentucky**: *Love v. Danek Medical, Inc.*, 1998 WL 1048241, *2 (W.D. Ky. 1998) (after concluding that testimony of plaintiff's expert on causation was unreliable because there was no factual support for his opinion in medical device case, court granted summary judgment in favor of defendant as to plaintiff's strict liability, negligence and breach of warranty claims because there was insufficient evidence of causation).

- **Louisiana**: *In re Propulsid Prods. Liab. Litig.*, 261 F. Supp. 2d 603, 618 (E.D. La. 2003) (court granted summary judgment in favor of defendants in product liability case involving the prescription drug Propulsid after court excluded plaintiff's experts on medical causation, concluding that "[w]ith the exclusion of the plaintiff's experts on causation, the plaintiff lacks an essential element of proof.")

- **Mississippi**: *Coleman v. Danek Medical, Inc*., 43 F. Supp. 2d 637, 648-51 (S.D. Miss. 1999) (granting summary judgment in favor of defendants as to plaintiffs' product liability and negligence per se claims involving prescription medical device because plaintiffs could not set forth evidence of causation after court granted defendants' motion to strike the report and testimony of plaintiff's expert); *Arinder v. Danek Medical, Inc*., 1999 WL 1129647, *4 (N.D. Miss. 1999) (same).

- **Ohio**: *Graham v. American Cyanamid Co*., 350 F.3d 496, 513 (6th Cir. 2003) (in product liability case involving polio vaccine, court indicated that "[t]o establish strict liability under Ohio law, plaintiffs must produce expert testimony that the defect at issue 'proximately caused the[ir] claimed injuries'") (citation omitted); *Bouchard v. American Home Prods. Corp*., 213 F. Supp. 2d 802, 806-07 (N.D. Ohio 2002) (granting summary judgment to defendant on plaintiff's claim that use of prescription drug Redux caused brain damage or memory loss where plaintiff did not offer any expert testimony to show that she suffers from such ailments or that they more probably than not resulted from ingestion of Redux).

- **Pennsylvania**: *Soldo v. Sandoz Pharm. Corp.*, 244 F. Supp. 2d 434, 525 (W.D. Pa. 2003) (in a product liability action involving the prescription drug Parlodel, court indicated: "In a case such as this one involving complex issues of causation not readily apparent to the finder of fact, plaintiff must present admissible expert testimony to carry her burden."); *Wimberly v.*

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

*Wyeth Labs*., 1998 WL 1809918, *4 (Pa. C.P. 1998) (granting summary judgment in favor of defendant where plaintiff did not submit competent expert testimony to establish a causal relationship between prescription drug Norplant and her alleged injuries); *see also* Order of J. Ackerman, Philadelphia Court of Common Pleas, in Baycol Mass Tort Program, Dec. 12, 2003 (requiring plaintiffs in Baycol litigation to produce case-specific expert reports).

- **Tennessee**: *Jastrebski v. Smith & Nephew Richards, Inc*., 1999 WL 144935, *6 (Tenn. Ct. App. Mar. 18, 1999) (in product liability action involving prescription medical device, court held: "Plaintiff's testimony cannot substitute for the expert testimony required to establish a causal connection between an alleged defect in the product and a specific injury. The product in dispute is a technically complex prescription medical device, and expert testimony is required to establish the causal connection between the alleged defect in the device and Plaintiff's claimed injuries.").

- **Texas**: *Taylor v. TMJ Implants, Inc*., 1999 WL 351673, *5 (Tex. Ct. App. June 3, 1999) ("Expert testimony is required on the issue of causation where the determination of that issue 'is not one that lay people would ordinarily be competent to make.' . . . In this case we determine that expert testimony was necessary to establish a causal nexus between the alleged defective design and marketing of TMJ's product and Plaintiff's injuries, if any."); *Praytor v. Ford Motor Co*., 97 S.W.3d 237, 241 (Tex. App. 2002) (expert testimony was necessary to establish that the plaintiff's sinusitis and asthma were caused by exposure to chemicals released during deployment of defendant's air bag, since there are several causes of such ailments and diagnosis of their cause depended on individual factors).[2]

- **Virginia**: *Hartwell v. Danek Medical, Inc.*, 47 F. Supp. 2d 703, 707 (W.D. Va. 1999) (granting summary judgment in favor of defendants as to plaintiff's product liability claims involving medical device where court concluded expert testimony was inadmissible because, in part, "[p]roof of legal causation in a medical device case must be by expert testimony and the expert's opinion must be stated in terms of reasonable probability."); *see also Roche v. Lincoln Property Co*., 2003 WL 22002716, *5 (E.D. Va. 2003) (in case alleging that mold exposure caused injuries to plaintiffs, court granted summary judgment in favor of defendants after excluding expert testimony on causation, because "[i]n general, expert testimony is required to prove that exposure to a certain substance caused a certain injury or illness").

- **West Virginia**: *Rohrbough v. Wyeth Lab., Inc.*, 719 F. Supp. 470, 473 (N.D.W. Va. 1989) (expert testimony was required to prove that vaccine caused plaintiff's injuries because of the "high degree of scientific complexity" inherent in the case), *aff'd*, 916 F.2d 970 (4th Cir. 1990).

---

[2] Plaintiffs' reliance on *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729 (Tex. 1984) is misplaced. Expert testimony was not required to prove causation in *Morgan* "because a default judgment left no evidentiary dispute as to whether general experience and common sense could allow a lay person to determine causation." *Praytor,* 97 S.W.3d at 241.

E-SERVED 05/05/04 03:10 PM ET Baycol MDL 1431

- **Wyoming**: *Sayer v. Williams*, 962 P.2d 165, 168 (Wyo. 1998) (in medical malpractice case in which plaintiff alleged that she experienced a complete heart block after being implanted with a pacemaker, court concluded that causation must be proven by expert testimony because there were several probable causes of plaintiff's symptoms).[3]

Thus, each of the states in question would require an expert report to establish injury and causation in complicated cases such as these.[4] Indeed, the prevalence of this requirement is reflected in Judge Ackerman's entry of a *Lone Pine* order in the Philadelphia state court proceedings (where actions have been filed by plaintiffs from many states) and in this Court's entry of PTO 114. *See also Orthopedic Bone Screw*, MDL No. 1014, 1998 WL 411370, at *1 (E.D. Pa. Jan. 13, 1998) (requiring plaintiffs to produce case-specific expert reports on injury and causation). And most dramatically, it is reflected in the decision of scores of PTO 89 plaintiffs to dismiss their cases when put to the proof. Accordingly, this Court should require the moving plaintiffs to comply with the requirements of PTO 114.

## V. CONCLUSION

Plaintiffs' Motions For Relief From Part I(A) and I(B) of Pretrial Order No. 114 should be denied.

---

[3] Defendants have not located any product liability case involving a prescription drug or device, or a similarly complex product, in which a Wyoming court considered whether expert testimony is required on the issue of causation. However, as the issue of medical causation is similar in medical malpractice and prescription drug cases, *Sayer* is instructive on this issue.

[4] Even if the states did not require expert testimony — and they do — this Court would be within its authority in requiring case specific expert reports. The vast number of dismissals under PTO 89 demonstrates that many plaintiffs filed their cases without investigation. *See, e.g.*, *Acuna v. Brown & Root, Inc.*, 200 F.3d 335, 340 (5th Cir.), *cert. denied*, 530 U.S. 1229 (2000) (observing that requiring production of case-specific expert reports ensures that plaintiffs have complied with their obligations under Rule 11).

E-SERVED
05/05/04
03:10 PM ET
Baycol MDL 1431

Dated: May 5 2004

Respectfully Submitted,

/s/signature on file________________
Peter W. Sipkins (#101540)
Elizabeth S. Wright (#184111)
DORSEY & WHITNEY LLP
Suite 1500, 50 South Sixth Street
Minneapolis, MN 55402
Phone: 612-340-2600

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
Phone: 312-853-7000

Philip S. Beck
Adam L. Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT LLP
54 W. Hubbard Street, Suite 3000
Chicago, IL 60610
Phone: 312-494-4400

Gene C. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street N.W.
Washington, D.C. 20005
Phone: 202-736-8000

Richard K. Dandrea
ECKERT SEAMANS CHERIN & MELLOTT LLC
600 Grant Street, 44th Floor
Pittsburgh, PA 15219
Phone: 412-566-6000

Douglas R. Marvin
WILLIAMS & CONNOLLY LLP
725 Twelfth Street, N.,W.
Washington, D.C. 20005
Phone: 202-434-5000
*Counsel for Bayer Corporation and Bayer AG*

/s/signature on file________________
Tracy J. Van Steenburgh (#141173)
HALLELAND LEWIS NILAN
SIPKINS & JOHNSON, P.A.
220 South Sixth Street, Suite 600
Minneapolis, MN 55402-4501
Phone: 612-338-1838

Fred T. Magaziner
DECHERT LLP
4000 Bell Atlantic Tower
1717 Arch Street
Philadelphia, PA 19103
Phone: 215-994-4000

*Counsel for SmithKline Beecham Corp. d/b/a GlaxoSmithKline*

E-SERVED
05/05/04
03:10 PM ET
Baycol MDL 1431

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy was electronically served to counsel of record via Verilaw on May 5, 2004.

[signature]