E-SERVED 05/28/04 11:18 AM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re BAYCOL LITIGATION | ) | |
| | ) | MDL No. 1431 |
| This document relates to: | ) | (MJD/JGL) |
| | ) | |
| All CASES and RONWIN v. BAYER CORP. | ) | Case No. 02-0200 |

**CORRECTION AND ADDITION TO PLAINTIFF, RONWIN'S REPLY TO "DEFENDANTS' CONSOLIDATED MEMORANDUM IN OPPOSITION TO PLAINTIFFS' MOTION FOR RELIEF FROM PARTS I(A) AND I(B) OF PTO 114"**

Plaintiff, RONWIN, hereby submits the following correction and addition to RONWIN's REPLY to Defendant, BAYER CORP.'s, ("BAYER"), Opposition, ("RESPONSE"), to RONWIN's Motion, ("MOTION"), pursuant to PTO 114, § I.F.

**CORRECTION**

**1.** The single, 7 page Exhibit to REPLY was labelled "Exh.A" in the REPLY text; however, the designation, Exh.A, was inadvertently not placed on the Exhibit.

**2.** In the first sentence on p. 5 of said Exhibit, the "highlighted portion of the Baycol molecule" is stated as being on p. 4 of said Exhibit, whereas it is on p. 3.

**ADDITION**

Both MOTION and REPLY failed to make note of the fact that, as, for example, emphasized in the Reply of the law firm of ALAN ALEKSANDER, PC, to RESPONSE, Defendants have already admitted by their use of FDA-approved labelling that Baycol can cause myalgia, myopathy and rhabdomyolysis, see p. 8, 1st full ¶, of the Reply of ALAN ALEKSANDER, P.C. Furthermore, said Reply, p. 7, last ¶. reads as follows:

E-SERVED 05/28/04 11:18 AM ET Baycol MDL 1431

> Plaintiffs' claims should be able to proceed without expert evidence. Plaintiffs allege that their having taken Baycol caused myalgia, myopathy and rhabdomyolysis injuries. When these injuries occurred does not require expert testimony. Plaintiffs and other lay witnesses can testify regarding when Plaintiffs began experiencing symptoms, and whether they experienced such symptoms prior to ingesting Baycol, [footnote 3 in said Reply]. That evidence would fall within the common knowledge of ordinary persons.

The comments in footnote 3, p. 8, of said Reply are pertinent and also adopted herein.

Thus, and contrary to BAYER's contention, p. 1, 3rd ¶, RESPONSE, there is nothing "complex" about the Baycol cases. That Baycol is a dangerous drug, having caused approximately 130 deaths worldwide and numerous injuries not resulting in death but in disabilities worldwide, is adequately attested to by Defendants' act of with-drawal of Baycol from the market as well as by Defendants use of FDA-approved labelling. No MD is needed to testify to those facts; Defendants have amply done so already.

If a plaintiff took Baycol under prescription, subsequently began to experience pain and injury not present prior to the start of Baycol ingestion, and sought medical aid prior to the withdrawal of Baycol from the market and Defendants' notice thereby to the world that it had been purveying a dangerous drug, there is nothing medically mysterious about such facts to which a layman cannot testify on his/her own pain and injury within the aforesaid parameters.

RONWIN's situation falls within the parameters stated in the preceding paragraph; and that is likely the situation with many other plaintiffs in this MDL.

E-SERVED
05/28/04
11:18 AM ET
Baycol MDL 1431

Furthermore, as demonstrated in the Exhibit to REPLY, the basic reason for Baycol's body component, destructive proclivity, is not "medical," but biochemical. Biochemical concepts, (same as pharmaceutical concepts), are virtually beyond the expertise of the great majority of physicians.

**WHEREFORE**, Plaintiff, RONWIN, corrects and adds to his REPLY as presented hereinabove and requests this Court to take notice of these corrections and additions in its consideration of RONWIN's MOTION and REPLY.

DATED: May 22, 2004

Edward Ronwin, pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837

CERTIFICATE OF SERVICE

I, EDWARD RONWIN, have served this document by the Verilaw system and upon the Clerk of this Court with two copies to Judge Davis by mail this 23rd day of May, 2004.

Edward Ronwin