E-SERVED
06/10/04
05:47 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

In re BAYCOL PRODUCTS LITIGATION

MDL No. 1431
(MJD/JGL)

This Document Relates to:

*Edward Ronwin v. Bayer Corp.*

Case No. 02-0200

**DEFENDANT'S MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO REMAND OR, IN THE ALTERNATIVE, TO ORDER NEGOTIATION**

For the second time, Mr. Ronwin seeks to have his case remanded to the District of Wyoming. Just as before, *see* PTO 13, the present motion should be denied. The authority to remand this case lies with the Judicial Panel on Multidistrict Litigation. In addition, this case will benefit from further coordinated proceedings.

This Court should also deny plaintiff's request that it order the parties to negotiate, as plaintiff has not complied with any of the Settlement/ Mediation Program procedures outlined in PTOs 51, 59, 60, and 64. Further, even if plaintiff were to comply with the Settlement/Mediation Program procedures, mediation would be the proper remedy, which plaintiff has expressly declined in his motion.

**ARGUMENT**

**I. Remand Should be Denied**

This Court should deny plaintiff's motion to remand because it does not have authority under 28 U.S.C. § 1407(a) to remand plaintiff's case to the District of Wyoming. Under § 1407(a), the power to remand a case to the transferor court lies solely with the Judicial Panel on Multidistrict Litigation. *See* 28 U.S.C. § 1407(a) ("[e]ach action so transferred shall be remanded *by the panel*") (emphasis added); *see*

E-SERVED 06/10/04 05:47 PM ET Baycol MDL 1431

*also In re Roberts*, 178 F.3d 181, 185 (3d Cir. 1999) ("Section 1407(a) unequivocally places the authority to remand a transferred case with the Panel, not the transferee district judge"), *citing Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach*, 523 U.S. 26 (1998).

Remand also should be denied where a "case will benefit from further coordinated proceedings as part of the MDL." *See In re: Bridgestone/Firestone, Inc.*, 128 F. Supp. 2d 1196, 1198 (S.D. Ind. 2001), *citing In re Air Crash Disaster*, 461 F. Supp. 671, 672-673 (S.D.N.Y. 1978). Plaintiff's case will benefit from further coordinated proceedings. This Court only recently entered PTO 120, regarding the discovery of all generic experts. Under PTO 120, depositions of generic experts designated by the PSC are scheduled to begin July 19, 2004, and be completed by August 20, 2004. *See* PTO 120 ¶ 8.E.i. Generic experts designated by defendants are scheduled to be deposed from August 23, 2004 to September 24, 2004. *See id.*

This remaining discovery of generic experts applies to *all* consolidated Baycol cases, including plaintiff's case. Plaintiff will have full access to this common discovery and his case will clearly benefit from it.[1] Plaintiff argues that "the value of much of [the common discovery] is highly questionable." Pl. Mot. at 1. Plaintiff's argument misses the point. The issue is not whether the discovery materials help

[1] Plaintiff argues that he "is without monetary means to acquire some of the latest disks such as the depositions of PSC's expert witnesses." Pl.'s Motion, at 1. This Court rejected a similar argument made by plaintiff in its Order of March 3, 2003: "If Mr. Ronwin files for an qualifies for *in forma pauperis* status, this Court may evaluate his ability to pay Verilaw's charges . . . . Until that time, this Court finds that Mr. Ronwin has provided no support for his motion[.]" To date, plaintiff has not filed for *in forma pauperis* status under 28 U.S.C. § 1915.

E-SERVED 06/10/04 05:47 PM ET Baycol MDL 1431

plaintiff prove liability but rather whether plaintiff's case will be dealt with more efficiently by being part of the structured pre-trial process of this MDL.

Indeed, based on plaintiff's motion, plaintiff intends to conduct discovery individually if his case is remanded to the District of Wyoming. *See* Pl.'s Motion at 1 ("some of [the PSC] experts have not even examined areas that would have led to useful information"). The result of remanding plaintiff's case would lead to discovery being conducted in both the District of Wyoming and in this MDL proceeding. Permitting parallel discovery undermines the purposes of this MDL and is grounds for denying remand. *See In re: Bridgestone/ Firestone, Inc.*, 128 F. Supp. 2d, at 1198.

**II. Ordered Negotiation Should Be Denied**

Ordering the parties to "negotiate" would circumvent the MDL's Settlement/Mediation Program. Settlement and mediation of Baycol cases in this MDL are governed by PTOs 51, 59, 60, and 64. Procedurally, a "Plaintiff or Claimant who seeks to use this Settlement/ Mediation Program to negotiate with Bayer or to mediate with Bayer, or both, shall e-mail the Settlement/ Mediation Program Request Form." PTO 64, Exhibit 1, ¶ 1. If plaintiff desires to enter into negotiation with defendant, he is required to complete the Settlement/Mediation Program Request Form. Mr. Ronwin has not done so.

Were plaintiff to properly submit a request for settlement, defendant would have the option of *declining* plaintiff's request. *See* PTO 59 ¶ 1. After defendant declines a plaintiff's request for negotiation, the Special Master then (1) determines whether the case is a documented rhabdo case that can be settled and, if so, (2) schedules *mediation*. PTO 59 ¶ 1.C, amended by PTO 64 ¶ 3. Plaintiff has submitted no evidence that his case is a documented case of rhabdo. Moreover, the proper remedy

E-SERVED
06/10/04
05:47 PM ET
Baycol MDL 1431

where defendant declines negotiation is *mediation*. Plaintiff expressly declines mediation as a remedy in his motion. Accordingly, Plaintiff's request for negotiation as alternative form of relief should be denied.

**CONCLUSION**

For these reasons, Bayer respectfully requests that the Court deny plaintiff's motion in its entirety.

Dated: June 10, 2004

Respectfully submitted,

/signature on file/

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR
& SCOTT
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN BROWN & WOOD LLP
Bank One Plaza
10 South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Gene S. Schaerr
SIDLEY AUSTIN BROWN & WOOD LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

E-SERVED
06/10/04
05:47 PM ET
Baycol MDL 1431

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000
*Counsel for Bayer Corporation*