**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**O R D E R**

**This Document Also Relates to:**
**Ronwin v. Bayer Corp. et al.** **Civil No. 02-200**

---

Edward Ronwin, pro se.

Peter W. Sipkins, Dorsey & Whitney LLP, on behalf of Bayer Corporation.

---

Before the Court is Plaintiff's Motion to Remand to the District of Wyoming for Trial, or in the Alternative to Order Negotiation. Bayer opposes the motion.

**I. BACKGROUND**

This action was originally filed in Wyoming state court, removed to federal court in the District of Wyoming and subsequently transferred into this MDL by the Judicial Panel on Multidistrict Litigation.

**DISCUSSION**

28 U.S.C. § 1407 provides, in pertinent part, the following:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . and will promote the just and efficient conduct of such actions.

> Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]

28 U. S.C. § 1407(a). Thus, remand at the conclusion of pretrial proceedings is mandatory, whereas remand prior to the conclusion of pretrial proceedings is discretionary with the transferee court. See In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001) (citation omitted).

The Court finds it inappropriate to transfer this case back to Wyoming for trial because both core discovery and case-specific discovery are still on-going. See In re Patenaude, 210 F.3d 135, 146 (3rd Cir. 2000); In re Baycol Prod. Litig., MDL No. 1431, PTO 125 slip op. at 3-4 (D. Minn. June 29, 2004). Thus, the MDL has not yet fulfilled its purpose to coordinate and consolidate pretrial proceedings. See 28 U.S.C. § 1407(a). The Court further finds that all Parties will benefit from the yet to be completed discovery and, possibly, from future settlement negotiations. See Bridgestone/Firestone, 128 F. Supp.2d at 1197 (stating that propriety of remand is usually based on whether the case will benefit from further coordinated MDL proceedings); Patenaude, 210 F.3d at 145-46 (refusing to find denial of remand inappropriate even when remaining coordinated pretrial proceedings did not affect plaintiffs' cases, and when individual settlement negotiations were on-going).

Moreover, allowing remand when pretrial proceedings are not yet

completed would lead to thousands of similar requests. See In re Baycol Prod. Litig., MDL No. 1431, PTO 125 slip op. at 4 (D. Minn. June 29, 2004). As previously stated, "The Court declines to create a situation wherein remand motion practice could overtake this litigation, and threaten 'the just and efficient conduct' of this MDL." Id. at 4-5 (quoting 28 U.S.C. § 1407(a)). Accordingly, Plaintiff's motion to remand must be denied.

Plaintiff Ronwin's alternative request of the Court to order negotiation, but not mediation, would circumvent the Settlement/Mediation Program established and governed by PTO Nos. 51, 59, 61 and 64 and the Court finds that Plaintiff Ronwin has not submitted a sufficient basis for doing so.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, or in the Alternative to Order Negotiation But Not Mediation is **DENIED**.

Date: July 1, 2004

s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court