E-SERVED 10/12/04 03:55 PM ET Baycol MDL 1431

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL LITIGATION ) | |
| ) | MDL No. 1431 (MJD/JGL) |
| This Document relates to: ) | |
| ) | Specific Case No. 02-0200 |
| RONWIN v. BAYER CORP. ) | |

**OPEN LETTER TO THE COURT RE: OCT.25, 2004 STATUS CONFERENCE**

At a library on Oct. 6, 2004, RONWIN viewed the Order entered Oct. 5, 2004 pertaining to RONWIN's Motion Re: Oct, 2004 Status Conference which was posted on Verilaw on Oct. 6, 2004.

**1.** Said Order agrees to RONWIN addressing the Conference but allows only 15 minutes with 15 minutes to the PSC and 15 minutes to the Defendants to respond. RONWIN lists 14 items in Motion, pp.4-7, that he wishes to discuss in detail, more on some than others. Nobody, including RONWIN, can discuss 14 items with any degree of substance and detail in 15 minutes. Even an attempt a such a performance would be futile. RONWIN requested "about 1½ hours to present his views," Motion, p. 6, bottom. RONWIN has no intention of engaging in futility. Moreover, RONWIN was not aware that either the PSC or the Defendants would be given response time; however, as the Court extends that opportunity to these groups, which is fair to do, RONWIN would want time to rebut. If the speaking time for RONWIN is adjusted, it will be too late for RONWIN's need to buy the 14 day advance airline ticket to attend the Oct. Conference. Therefore, the earliest that RONWIN could appear would be at a Nov. Status Conference.

**2.** The Order ignores other aspects raised by RONWIN in the Motion.

E-SERVED 10/12/04 03:55 PM ET Baycol MDL 1431

**3.** It is not clear to RONWIN if the Court only conducts Status Conferences from 10 to 12 a.m. If that is the case, and if the airplane RONWIN is on is late, will the Court reconvene the conference after lunchtime to allow RONWIN to speak? Or, can the time RONWIN speaks at any Status Conference be set for an afternoon session commencing at 1:30 p.m., (Motion, pp. 6-7). Furthermore, if RONWIN is to speak at any conference in November with adequate time to present his views, he would need to know the date and approximate time to speak well in advance. Another factor is that the weather in late November can be sunny, but it can also be a raging blizzard both in Minneapolis and in Denver. Also, RONWIN asked that a blackboard and chalk, or a projector for 8½ x 11 paper be made available (Motion, p. 7), but said Order is silent on that.

**4.** Lastly, said Order threatens RONWIN who has asserted that speaking to law clerks for judges is a relatively common practice in the legal profession <u>never taken as ex-parting</u>. RONWIN asks Judge DAVIS to explain why the contrary is true. RONWIN also wants to know if Judge DAVIS' law clerks keep a log of those (usually attorneys) who have spoken to them on active case, stating the time of day and date of any such contacts. If such a log exists, RONWIN wants a copy. Furthermore, is Judge DAVIS indicating that RONWIN is barred from talking to the Clerk of Court and his deputies, which has certainly never been considered ex-parting? Lastly, RONWIN wants Judge DAVIS to admit that he called RONWIN, or took the telephone from his law clerk sometime in February, 2002, spoke with RONWIN and invited a letter from RONWIN. Why wasn't that ex-

E-SERVED 10/12/04 03:55 PM ET Baycol MDL 1431

parting? Who was injured by that conversation between Judge DAVIS and RONWIN?

5. If the speaking time for RONWIN cannot be changed; RONWIN cannot spend his very few dollars on futility and will not attend any Status Conference. Rather, RONWIN will take his views to the appropriate authorities and to the public.

DATED: October 7, 2004

Edward Ronwin, Plaintiff pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837

CERTIFICATE OF SERVICE

I, Edward Ronwin, have served this Open Letter per PTOs 4 and 18 and the Verilaw System this 7th Day of October, 2004.

Edward Ronwin