IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This document relates to: | : | |
| Edward Ronwin v. Bayer Corp. | : | Case No. 02-0200 |

**RESPONSE TO DEFENDANT'S MOTION TO COMPEL [DISCOVERY]**

Plaintiff, EDWARD RONWIN, ("RONWIN"), hereby responds to Defendant's Motion to Compel [Discovery], dated June 2, 2006, but mailed June 5, 2006, and received by RONWIN on June 8, 2006. Plaintiff does not have E-mail capacity but within the last 12 months added FAX capacity by which means this document is being transmitted to the Court. Defendant's attorney, SUSAN WEBER has assented to service by FAX on her firm. Denver, CO counsel for Defendant, JEFF PILKINGTON, has asked for a copy by fax and is also being served that way. Plaintiff will serve other Defendant's counsels by fax if they provide their fax numbers.

This Response is supported by the Memorandum attached hereto and by this reference made a part hereof.

DATED: June 9, 2006

Edward Ronwin, Plaintiff pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837

CERTIFICATE OF SERVICE

I hereby certify that I faxed a copy of this document to Defendant's counsel, Sidley Austin, LLP, at their fax no. 312-853-7036. Other counsel for Defendant will be served by FAX, too.

Edward Ronwin

SCANNED
JUN 12 2006
U.S. DISTRICT COURT MPLS

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL [DISCOVERY]**

Preliminarily, the Defendant's Certificate of Service, which is a part of Defendant's "Notice of Motion and Motion to Compel," alleges that RONWIN was served by "U.S.Mail,certified, return-receipt requested"..."on June 2, 2006." That statement is FALSE! Faxed herewith is a portion of the envelope in which Defendant's Motion was served on RONWIN. (Only a portion of the envelope is being faxed which has all of the pertinent information, because I cannot fax paper bigger than 8½ x 11 inches). As the Court can see from the postmarked tag, which is from Sidley Austin's machine, the envelope could not have been sent before June 5, 2006 and not June 2, 2006 which is the date that this Court is assured in the Certificate of Service. Additionally, RONWIN did not receive in the envelope the "proposed order" as stated in said Certificate. This is not the first instance wherein Defendant, through its counsels, has mislead or stated untruths to this Court!

Now to the meat of this coconut:

Among the injuries to have been caused to RONWIN by his ingestion of approximately seven (7) months of Baycol is a LEFT shoulder rotator cuff tear which required surgical repair. The repair was done in June, 2003, which is consistent with the statement on p.1, Memorandum to Defendant's Motion, ("MOTION MEMO").

To the best of his knowledge, RONWIN filled out a Plaintiff's Fact Sheet, whose form and questions, RONWIN believes was approved by this Court. That completed fact sheet is not in contention herein as to form or questions--with one exception upon which the dispute between RONWIN and Defendant arises as will be made clear

hereinbelow.

RONWIN supplied information to Defendant on the fact sheet to every question asked.

From the fact sheet, Defendant learned of RONWIN's previous medical history and on retrieving information about RONWIN from various health care practitioners and facilities, Defendant learned that RONWIN has had a RIGHT shoulder rotator cuff tear surgically repaired, MOTION MEMO, pp. 1-2.

In the continuation on p. 2, MOTION MEMO, of the paragraph starting on p. 1, Defendant recites that Defendant learned that RONWIN had a "Left shoulder transplantation of ulnar and radial nerve.(sic). Left elbow surgery for fracture." As to these two matters, and despite the fact that they are well over 10 years beyond the fact sheet requests, RONWIN stated that these matters are, "definitely relevant to this litigation," p. 131, ls 18-19, Depo. of RONWIN, copy of portions of which are attached to MOTION MEMO. In addition, RONWIN supplied details on each of these two LEFT arm matters, p. 135, line 18 to p. 138, line 25, Depo. of RONWIN, attached to MOTION MEMO.

Furthermore, Defendant's counsel, JEFF PILKINGTON, stated at Depo. of RONWIN, pp. 130-131, ls 25-3, "Listen to my question. I'm restricting it only your left or right shoulder. (the poor English was probably the Reporter's fault; emphasis added here). Have you ever had surgery on either of your shoulders, other than the one [LEFT] in June, 2003"; (bracketed word added).

Defendant's counsel persisted on the RIGHT shoulder rotator cuff

repair, example: p. 135, line 8-17, Depo. of RONWIN, attached to MOTION MEMO.

The only question on Defendant's Motion is whether or not RONWIN had or has a duty to discuss a RIGHT shoulder rotator cuff repair.

As the Court can see, p. 135, ls 11-14, Depo. of RONWIN, attached to MOTION MEMO, RONWIN refused to provide information on the RIGHT shoulder rotator cuff repair because it was performed outside the 10 year limit. In addition, RONWIN had experienced a full recovery on his RIGHT shoulder rotator cuff repair, (which does not happen to be the case with his LEFT shoulder rotator cuff repair), and the RIGHT shoulder rotator cuff repair <u>never</u> affected RONWIN's RIGHT elbow, which had shown pain, along other problems, commencing about 1-1½ months after RONWIN started to take Baycol under prescription, (January 10, 2001) and for approximately 6 months later. RONWIN persisted in taking Baycol until August 8-9, 2001 when RONWIN learned of the removal of Baycol from the market and first heard that Baycol was a dangerous that had the propensity to cause body tissue injuries.

Where does RONWIN get the 10 year "rule?" The Court's attention is directed to Exhibit 1, (Plaintiff filled out Fact Sheet), attached to MOTION MEMO. The Court can note the following questions restrict answers to <u>10 years</u>: p. 2, II (E), asking for Plaintiff's addresses; p. 3, II (N), asking for Plaintiff's places of employment; p. 5, II (Q), asking information on any insurance or other company (identity presumed), that provided medical coverage or paid medical bills for Plaintiff; p. 5, II (R), question whether

Plaintiff applied for workers compensation, social security or state or federal disability benefits; p. 6, III (A), dealing with health care providers to plaintiff, (emphasis added); p. 8, IV (E), question on periods of hospitalization, (emphasis added); VII, other medications, (emphasis added); IX (1), Documents, (medical records, etc.; emphasis added).

The overall demands for medical records and experiences has been limited to 10 years by Defendant. Since the Court has approved the submission of the Fact Sheet form and content to Plaintiffs and has approved those accepted by Defendant, which includes that of RONWIN, the Court must have approved the 10 year limit!

RONWIN believes that his RIGHT shoulder rotator cuff surgical repair occurred prior to RONWIN's double by-pass coronary surgery, which, in turn, occurred in 1996. And RONWIN believes that the RIGHT shoulder rotator cuff repair occurred more than 10 years ago; and as above, had no lasting or any effect on RONWIN RIGHT ELBOW or other portions of his RIGHT arm or hand. And, as above, p.3, where portions of RONWIN LEFT arm, other than RONWIN LEFT shoulder rotator cuff repair, were well past the 10 year limit, but admitted by RONWIN as possibly having relevance, RONWIN has not stood on the 10 year limit but freely provided the information to Defendant's counsel at RONWIN depo.

In fact, RONWIN told Defendant's counsel at RONWIN depo. that if he needed more than the 7 hours permitted by the Court's order, he could go beyond the 7 hours, which he actually did.

The Defendant's have persistently piled up thousands of sheets of



FROM :EDWARD RONWIN FAX NO. :970-224-3838 Jun. 09 2006 11:12AM P6

unnecessary paper in this action (not just in Ronwin v. Bayer Corp.), and made claims having no bearing on matters Defendant seeks to have adjudicated, as in the example from MOTION MEMO given above, p.3, where Defendant's imply that RONWIN held back information on his LEFT arm surgeries other than on the LEFT rotator cuff repair but which they well knew, or had the means to know and even presented the means to this Court, was untrue. And, Defendants have pursued that foul path not only in this specific case but generally in this MDL.

**WHEREFORE**, Plaintiff asks this Court to deny Defendant's Motion to Compel [Discovery].

DATED: June 9, 2006

Edward Ronwin, Plaintiff pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837



FROM :EDWARD RONWIN FAX NO. :970-224-3838 Jun. 09 2006 11:13AM P7

FIRST CLASS FIRST CLASS FIRST CLASS CERTIFIED MAIL FIRST CLASS FIRST CLASS FIRST CLASS

IDLEY AUSTIN LLP
DLEY

SIDLEY AUSTIN LLP
ONE SOUTH DEARBORN
CHICAGO, IL 60603

7004 1160 0002 2905 7987

CHICAGO JUN 05'06 IL
PB METER 7047264
$7.04
U.S. POSTAGE

# First Class Mail

NC
6.8

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

TO: THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

FROM: EDWARD RONWIN

ATTENTION: Ms. AMY LINNER, Room 202, at FAX No. 612-664-5044

In re BAYCOL LITIGATION, No. 1431
Specific Case: Ronwin v. Bayer Corp., No. 02-0200

Herewith is being faxed Plaintiff's Response to Defendant's Motion to Compel [Discovery].

Please file.

Opponents are also being served by Fax.

Edward Ronwin

Edward Ronwin, pro se.
Telephone: 970-221-3837
FAX: 970-224-3838

P.S. — Also faxed is a copy of the envelope in which Defendant's motion reached me, which is discussed in my Response.