**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp., et al.* | : | Case No. 02-0200 |

**DEFENDANT BAYER CORPORATION'S REPLY**
**IN SUPPORT OF ITS MOTION TO COMPEL**

In his response, Plaintiff Edward Ronwin's singular discernible argument[1] is as follows: Because various sections of the Plaintiff's Fact Sheet limit the scope of requested information to a ten year period, and "[s]ince the Court has approved the submission of the [Plaintiff's] Fact Sheet form and content to Plaintiffs and has approved those accepted by Defendant . . . the Court must have approved the 10 year limit!" (*See* Resp. Def.'s Mot. Compel at 5.)

Plaintiff's contention is simply without merit. The Plaintiff's Fact Sheet was agreed upon by the parties and approved by the Court as an instrument of preliminary discovery. (*See* Pretrial Order No. 10.) It is simply a tool for streamlining

---

[1] Plaintiff also raises the preliminary issue of a discrepancy between the date on the certificate of service for Defendant's Motion to Compel (June 2, 2006) and the post-mark date on the envelope in which it was mailed (June 5, 2006). Defendant's counsel inadvertently mailed the wrong papers on Friday, June 2, which Plaintiff received by the following Monday, June 5. Plaintiff brought this mistake to the attention of Defendant's counsel via telephone call on the same day, June 5, and Defendant's counsel promptly mailed the correct Motion to Compel to Plaintiff. In doing so, Defendant's counsel omitted to change the date on the original certificate of service, which led to the discrepancy. However, because Plaintiff has responded, he has not been prejudiced by this error.

the discovery of typical, common, relevant information about the plaintiffs. Further discovery of relevant information beyond the Plaintiff's Fact Sheet is inevitable and necessary. Furthermore, relevant information need not be admissible at trial so long as it appears reasonably calculated to lead to the discovery of admissible evidence. *See* Fed. R. Civ. P. 26(b)(1).

Nowhere has this Court limited Defendant from pursuing otherwise discoverable information outside of the scope of the initial Plaintiff's Fact Sheet. To the contrary, this Court has recognized the importance in this case of allowing discovery of all facts that may reasonably lead to admissible evidence. (*See, e.g.*, Pretrial Order No. 16 (allowing for the use of authorizations to collect records from "any health care provider, employer or other source *beyond those identified in the Plaintiff's Fact Sheet*") (emphasis added).)

Plaintiff's argument has basis neither in the law, nor in the pretrial orders of this Court, nor in reason. The information sought by Defendant is clearly relevant to its defense that Plaintiff's injury was caused by a preexisting condition, such as a degenerative disease, the existence of which may be proven by the prior injury to his right shoulder. Indeed, Plaintiff's three orthopedic physicians have testified that Plaintiff's left shoulder injury was not caused by Baycol, but by a preexisting condition or degenerative process. This same condition or degenerative process may also have been the cause of Plaintiff's prior right shoulder injury. In fact, Plaintiff's two shoulder injuries are identical injuries which required an identical procedure: rotator cuff repair. Thus, the facts surrounding Plaintiff's right shoulder injury are highly relevant to

Plaintiff's claimed injury to his left shoulder. Plaintiff seeks nothing more than to stifle discovery of these facts.

Finally, medical records pertaining to Plaintiff dated August 4, 2003 indicate that "[a]dditional medical history is significant for (R) rotator cuff repair 8-9 years ago, with full recovery afterward." (*See* Ex. 1.) Therefore, Plaintiff's prior right shoulder injury still would fall within the fictional time limitation of Plaintiff's so-called ten year rule.

For the above reasons, Plaintiff's Response to Defendant's Motion to Compel is without merit, and Defendant's Motion to Compel should be granted.

Dated: June 26, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
Bryan R. Mason
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60603
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (#101540)
DORSEY & WHITNEY LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Reply in Support of Motion to Compel and exhibit were electronically filed and served, and copies of same were sent by U.S. Mail to

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

on June 26, 2006.

[signature]
______________________________