**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**O R D E R**

**This Document Also Relates to:**
**Ronwin v. Bayer Corp. et al.** **Civil No. 02-200**

---

Edward Ronwin, pro se.

Susan A. Weber and James W. Mizgala, Sidley Austin LLP for and on behalf of Bayer Corporation.

---

Before the Court is Plaintiff's Emergency Motion to Order Certain Deponents to Return for Further Depositions; to Order the Return of Extorted Funds; and to Order Opposing Counsel to Cease Certain Activities.

**DISCUSSION**

By this motion, Plaintiff seeks to depose for the second time four of his treating physicians. Plaintiff complains that he was not given enough time to question the following four witnesses: Drs. Hiatt, Torkelson, Servi and Knauer. Plaintiff claims that pursuant to PTO 149, non-party witnesses may be deposed for up to four hours. PTO No. 149 actually provides: "*Defendants* shall be entitled to depose all other case-specific fact witnesses for up to four (4) hours of actual deposition time, unless Defendants can show a need for additional time to conduct

a particular non-party deposition." (emphasis added).

A party must obtain leave of Court to depose a witness who has already been deposed. Fed.R.Civ.P. 30(a)(2)(B). Leave shall be granted to the extent consistent with Fed.R.Civ.P. 26(b)(2). Rule 26(b)(2), in turn, provides that a court may limit discovery if it determines that:

> (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive, (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues.

Bayer opposes Plaintiff's motion, arguing that Plaintiff had ample opportunity to ask questions of the above identified physicians. In three of the four depositions, Plaintiff affirmatively indicated that his questioning was complete. See, Hiatt Dep. at 98; Knauer Dep. at 175; Torkelson Dep. at 100. At the end of Dr. Servi's deposition, Plaintiff did not indicate on the record that he had more questions. Servi Dep. at 123.

Bayer also argues that further deposing these physicians would be unreasonably cumulative and duplicative of the testimony provided in their first depositions. Further, the burden and expense of further deposing these physicians outweigh any conceivable benefit.

The Court finds that Plaintiff has failed to demonstrate a need to depose the

four identified physicians a second time. As Bayer correctly pointed out, Plaintiff indicated on the record that he had no further questions for Drs. Torkelson, Hiatt and Knauer, and he did not object, or otherwise indicate that he had further questions for Dr. Servi at the end of her deposition. It thus appears that Plaintiff had ample opportunity to question these physicians. Further, the Court has reviewed the transcripts of all four physicians, and finds that Plaintiff has not made a showing that the physicians "dodged" questions or were otherwise uncooperative.

Plaintiff also complains that he was forced to pay Dr. Knauer $10 for an x-ray film. Plaintiff argues that as the film was a court record, he should not have to pay for a copy. Bayer responds that the x-ray film at issue was not marked as an exhibit at Dr. Knauer's deposition. Further, Bayer argues that a charge of $10 for the copy of the film at issue was a reasonable charge. The Court agrees that a charge of $10 for an x-ray film was a reasonable charge.

Finally, Plaintiff complains that counsel for Bayer, Jeff Pilkington appeared to have a rapport with these four physicians which indicated prior interaction between them, and that he limited the length of the depositions. The Court finds, however, that Plaintiff has failed to demonstrate that Mr. Pilkington engaged in any unethical conduct, including prior interaction with these physicians or unethically limiting the depositions.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Order Certain Deponents to Return for Further Depositions; to Order the Return of Extorted Funds; and to Order Opposing Counsel to Cease Certain Activities [Docket No. 79] is **DENIED**.

Date: July 25, 2006

s / Michael J. Davis
MICHAEL J. DAVIS
United States District Court