**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp., et al.* | : | Case No. 02-0200 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, Defendant Bayer Corporation ("Bayer") moves to compel Plaintiff *pro se* Edward Ronwin ("Ronwin") to produce himself for his expert witness deposition without compensation.

**<u>INTRODUCTION</u>**

Ronwin has designated himself as an "expert" witness on a number of issues, including the cause of his alleged injuries. Ronwin, however, refuses to be deposed unless he is paid an expert fee in advance. Although his fee has been a moving target, he has demanded as much as $5,000 for his deposition testimony.

Bayer is unaware of any authority to support Ronwin's position that a party, who designates and declares himself an expert witness, is entitled to payment for his deposition time from the party he sues. Ronwin is a retired biochemist and lawyer. As such, he will not incur any costs or losses by testifying. Moreover, Bayer seriously questions and will challenge Ronwin's qualifications. He is not a physician or otherwise qualified to offer expert opinions. Ronwin is simply a plaintiff who is trying to give

expert opinions and get paid in violation of the Federal Rules of Civil Procedure. Requiring Bayer to pay Ronwin for his testimony under these circumstances is improper. Accordingly, the Court should grant this motion and require Ronwin to appear for deposition about his expert report without demanding compensation within 30 days of the order.

## BACKGROUND

Ronwin asserts that he ingested Baycol for approximately seven months, from mid-January 2001 through early August 2001. During that time, he allegedly developed left shoulder pain, blurred vision, thigh pain, back pain, right arm pain, cataracts, and gait problems. The left shoulder pain eventually resulted in left rotator cuff repair surgery in June 2003.

Ronwin is not a physician. Rather, he is a retired biochemist and attorney. Based on his curriculum vitae (attached as Exhibit A), he received his Ph.D. in biochemistry over 50 years ago and stopped teaching and researching in the area about 40 years ago. In the early 1970s, he went to law school, and he graduated in 1974. Thereafter, he practiced law for about two decades. As an attorney, Ronwin has been the subject of varied disciplinary proceedings. Since the mid-1990s, Ronwin has been retired.

Ronwin represents himself in this case. In doing so, he has designated himself and Dr. Raul G. Reyes, M.D., as expert witnesses. Ronwin's expert report was served on June 26, 2004 (attached as Exhibit B). He purports to offer a variety of medical and causation opinions. In particular, Ronwin will opine that "the injuries and

damages that I suffered, and still suffer, are related to and caused by my ingestion of Baycol whose chemical structure can give rise to flouride ion which can, in turn, cause injury to numerous body components, proteins and tissues including the protein collagen in tendons and rotator cuff tendons." *Id.* at 1.

On April 17, 2006, Bayer took Ronwin's fact witness deposition. The parties agreed that Ronwin's expert deposition would be taken later in a separate deposition. Ronwin Depo. at 176:10–177:16 (attached as Exhibit C). Upon mutual agreement, his expert deposition was scheduled for September 28, 2006. Notice of Deposition, Sept. 6, 2006 (attached as Exhibit D).

In late August and early September, the parties were having difficulty scheduling Dr. Reyes' expert witness deposition. Some of the difficulty related to Dr. Reyes' demand for a $5,000 expert witness fee and Ronwin's demand for "equal time" at the deposition.

Because of this dispute, Ronwin demanded payment for his expert testimony – the first time that he had ever demanded payment. On September 6, 2006, Ronwin sent Bayer counsel a letter demanding $3,000 for four hours of deposition testimony (attached as Exhibit E). Later that same day, he sent another letter raising his fee to $5,000 (attached as Exhibit F).

On September 19, 2006, Ronwin contacted Bayer's counsel and requested that his expert deposition be rescheduled because of health problems. By letter, Bayer agreed to accommodate Ronwin's request (attached as Exhibit G).

Since the deposition was vacated, the parties have not been able to schedule the deposition because Ronwin continues to insist on an expert fee. By letter dated October 12, Ronwin stated that his fee was now $1,000, to be paid in advance of his deposition (attached as Exhibit H). In short, Ronwin will not be deposed unless he is paid in advance as an expert witness. Since Bayer refuses to do so, it seeks the assistance of this Court.

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 26(b)(4)(A) and 30(a)(1), a party has the right to depose a person identified as an expert witness whose opinions may be presented at trial. Ronwin has designated himself as an expert witness and must therefore produce himself for deposition.

Fed. R. Civ. P. 26(b)(4)(C) provides that a party seeking discovery must pay the expert a reasonable fee for the time spent in responding to any discovery demands, including time spent on depositions, “unless manifest injustice would result.” The purpose of Rule 26(b)(4)(C) is “to avoid the unfairness of requiring one party to provide expensive discovery for another party’s benefit without reimbursement.” *United States v. City of Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986).

It is improper for Ronwin to require that his adversary (Bayer) pay him to discover his unqualified and self-serving expert testimony and opinions. Bayer knows of no authority permitting a named party to serve as his own expert witness and to be paid for his deposition testimony as an expert under Rule 26(b)(4)(C) by the party that he has sued.

Further, Ronwin will not incur any costs or lost income by testifying at his expert deposition. Ronwin is an 82-year-old retiree who does not work. He has not worked in medicine or the subject matters at issue, more than preparing himself and his case for trial. By demanding payment, he is asking Bayer to pay for his case. Thus, the concept or purpose of "reimbursement" is irrelevant. As a result, no purpose underlying Rule 26 will be served if Bayer is forced to pay Ronwin for his deposition testimony.

Moreover, it would be manifestly unfair to require Bayer to pay Ronwin because he is not qualified and the requested fee is unreasonable. Ronwin's expertise, if any, centers only on his degree and experience which is nearly four decades stale. He does not have any medical degree or experience. Further, he has not incurred any fees by using himself as an expert. As a result, his demanded fee is patently unfair and unreasonable under the circumstances.

## CONCLUSION

Ronwin's demand for payment is nothing more than a sham to extract money from Bayer. Ronwin, who will not incur any economic losses by testifying, should not be paid. He is unqualified to provide expert testimony, and no authority supports his position that he is entitled to compensation for his own self-serving and unqualified testimony and opinions from his adversary. For the foregoing reasons, Defendant Bayer Corporation requests that the Court enter an order that compels Ronwin to produce himself for his expert witness deposition without demanding compensation within 30 days of the date of this order.

**CERTIFICATION OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), undersigned counsel for Bayer certify that they have conferred in good faith with Ronwin (who is representing himself *pro se*) in an effort to resolve this matter without court action and that the parties were unable to reach an agreement.

Dated: December 4, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Jeffrey Pilkington
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
(303) 892-9400

*Counsel for Bayer Corporation*