**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp.* | : | Case No. 02-0200 |

**DEFENDANT BAYER CORPORATION'S REPLY**
**<u>IN SUPPORT OF ITS MOTION TO COMPEL</u>**

The lone issue before the Court is whether Plaintiff Edward Ronwin ("Dr. Ronwin") is entitled to an expert witness fee for time spent as his own expert at his own expert deposition for his own lawsuit.

On this issue, the law is clear: Dr. Ronwin is not entitled to a fee. To allow for such a fee would create perverse incentives, requiring one party to subsidize litigation against itself where the opposing party fashions himself or herself as an "expert." *See Kooritzky v. Herman*, 178 F.3d 1315, 1322 (D.C. Cir. 1999). In *Kooritzky*, the court opined, "Indeed, it would seem a strange incentive to provide witness fees not for the purpose of reimbursing a litigant for his out-of-pocket costs, but as salary for time spent as a witness in his own litigation." *Id.* The court found no precedent for a litigant to receive "witness fees, expert or lay, for his own litigation." *Id.*

Rather than addressing the issue at hand, Dr. Ronwin strays wildly by raising argument and citing case law entirely irrelevant to whether he is entitled to a fee to act as his own expert. The single case Dr. Ronwin provides in support of his cause,

*Keystone Mfg. Co., Inc. v. Jaccard Corp.*, 394 F. Supp. 2d 543 (W.D.N.Y. 2005) (Response at 3), does not address this issue. Instead, *Keystone* considers the separate and distinct issue of whether a litigant, or an employee of a litigant, can be his own expert in light of his obvious interest in the resolution of the case. *Keystone*, 394 F. Supp. 2d at 567-68.

Dr. Ronwin is not entitled to a fee for his "expert" testimony in his own litigation. Accordingly, Bayer respectfully requests that the Court compel Dr. Ronwin to sit for his expert deposition without a fee or strike Dr. Ronwin's "expert" report and name as an expert in this case.

Dated: December 19, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
James R. M. Hemmings
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*

## CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Defendant Bayer Corporation's Reply in Support of Its Motion to Compel was electronically filed and served on December 19, 2006, and sent via U.S. Mail postage prepaid to:

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

[signature]