UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| In re BAYCOL LITIGATION ) | MDL No. 1431 (MJD) |
| This document relates to: ) | Case No. 02-0200 |
| RONWIN v. BAYER CORP. ) | |

**MOTION BASED ON FED.R.CIV.P. 11 AGAINST DEFENDANT BAYER CORP. AND DEMAND FOR ORAL ARGUMENT ON BAYER'S MOTION TO COMPEL OR, IN THE ALTERNATIVE, TO CONSIDER THIS DOCUMENT AS A COUNTER REPLY TO BAYER'S MOTION TO COMPEL**

Plaintiff, Edward Ronwin, ("RONWIN"), hereby moves this Court to order sanctions against Defendant, BAYER CORP, ("BAYER"), pursuant to Fed.R.Civ.P. 11 for submitting a false Reply, (filed Dec. 19, 2006),("REPLY"), to RONWIN's Response, (filed Dec. 11, 2006), ("RESPONSE") to BAYER's Motion to Compel, (filed Dec. 4, 2006), ("MOTION TO COMPEL").

RONWIN also demands oral argument or, in the alternative, to have the Court consider this motion as a "Counter Reply" to REPLY to RESPONSE to MOTION TO COMPEL.

It needs no authority to recognize that the Federal Rules of Civil Procedure were never intended to provide any party to a litigation with an undue and impermissible advantage over any other party to the litigation.

REPLY references a single case, Kooritzky v. Herman, 178 F.3d 1315, 1322 (D.C.Cir.1999), of which BAYER most likely had knowledge when BAYER composed its MOTION TO COMPEL, (RONWIN has still not been able to read Kooritzky),[1]. Reference to the case in

[1]Had the reference appeared in MOTION TO COMPEL, where it should have appeared to support MOTION TO COMPEL, RONWIN would have read the reference and possibly arranged Shepardization, as well as commented on the case's significance in RESPONSE. Because of the mention in REPLY and the blizzard which occurred on Dec. 20, 2006 and crippled vehicle traffic in Fort Collins city until December 23, 2006, (RONWIN could not move his vehicle until Dec. 23, 2006), and the closure of the Colorado State University library at noon on Dec.20, 2006 until Dec. 28, 2006, and the failure of REPLY to reach RONWIN by mail until Dec. 22, 2006,

SCANNED
DEC 27 2006
U.S. DISTRICT COURT MPLS

FROM : EDWARD RONWIN FAX NO. : 970-224-3838 Dec. 26 2006 09:05AM P2

MOTION TO COMPEL may have affected one (1) of the arguments presented in RESPONSE, but not as shown below, have the critical effect which BAYER falsely portrays in REPLY.

But, BAYER's behavior is worse than recited above.

BAYER assures this Court that p. 1, 1st full ¶, REPLY:

> <u>The lone issue</u> before the Court is whether Plaintiff Edward Ronwin, ("Dr. Ronwin"), is entitled to an expert witness fee for time spent as his own expert at his own expert deposition for his own lawsuit. (emphasis added).

THAT STATEMENT IS FALSE AND DELIBERATELY INTENDED TO MISLEAD THIS COURT!

As noted in RESPONSE, the last day pursuant to PTO 149, p.3, bottom to p. 4, for <u>any</u> depositions, fact or expert, for Phase I cases, such as this specific case, was November 29, 2006; see RESPONSE, p. 17, 2nd full ¶. Furthermore, due to RONWIN's illness, the parties agreed to set RONWIN's <u>expert</u> deposition, (RONWIN's two <u>fact</u> depositions were taken prior to July 31, 2006 cut-off date, PTO 149, p. 4), for sometime during the week of Oct. 2-6, 2006. However, in telephone conversation with PILKINGTON, (BAYER's Denver, CO counsel), held with a view to set the exact date for RONWIN's <u>expert</u> deposition during said week, PILKINGTON stated that BAYER would not pay an expert fee to RONWIN and would file its objections, (essentially as in MOTION TO COMPEL), "within two (2) weeks." BAYER filed its MOTION TO COMPEL on December 4, 2006 -- more like two (2) months and, as important, beyond the time to hold <u>any</u> depositions of either Plaintiff or BAYER, fact or expert, which

---

RONWIN had no means to view the <u>Kooritzky</u> case. Furthermore, Shepardization capacity was discontinued at Colorado State Univ. library about two (2) years ago due to state budget cuts, which makes the process extremely difficult if not impossible for RONWIN. Furthermore, while RONWIN served RESPONSE on Dec. 11, 2006 to BAYER's counsel by FAX, and while RONWIN's FAX'es emanate from a machine in RONWIN's home, BAYER's counsel ignored the means to rapidly notify RONWIN of the filing of REPLY and used much slower U.S. Mail. As demonstrated in RESPONSE, pp. 1-2, fair play is not the forte of either BAYER nor its counsel.

the Court set in PTO 149, p. 4, as November 29, 2006; see RESPONSE, p. 18, 3rd Full ¶.

The Court should also note that RONWIN gave BAYER every opportunity to take his expert deposition, but BAYER insisted on putting it aside to later, see 2nd full ¶ and subsequent copy of transcript discourse presented on p. 15, RESPONSE.

BAYER is too late in coming to this Court to challenge an expert fee for RONWIN and its tardiness is the major issue in this case!

BAYER's alleged lone issue is not the lone issue, is false and a deliberate fraud on this Court, since RESPONSE made clear to BAYER that its tardiness without seeking permission to apply during the time set for depositions by PTO 149, p. 4, in Phase I cases, excluded consideration of a motion to compel by BAYER after November 29, 2006.

Another issue in the argument of MOTION TO COMPEL is BAYER's attempt to claim that RONWIN is not an expert even though it has agreed in writing that RONWIN is an expert and also seeks to take RONWIN's expert deposition[2], RESPONSE, p. 15, very top to p. 17, end of 2nd full ¶.

REPLY's fraud and attempted deception of this Court is precisely one of the major reasons Rule 11 was amended to its present form in order to totally eliminate such advocacy. BAYER has again and again in this specific case and in this MDL persisted in its deliberately fraudulent approach to advocacy. RONWIN demands that a complete halt to BAYER's advocatory methods be ordered by this Court.

**WHEREFORE**, Plaintiff asks this Court to either grant oral argument to allow RONWIN to put his views with respect to REPLY before this Court in order to negate the improper

---

[2]If RONWIN is not an expert than it has been over five (5) months from the end of the time to take RONWIN's fact deposition, (July 31, 2006, PTO 149, p. 4), which has already been taken twice.

advantage BAYER took of the usual motion practice; or to consider this motion as a Counter-Reply to BAYER's REPLY or what it also is: a separate motion.

In any event, Plaintiff asks this Court to sanction BAYER and to force BAYER to respect the essence of justice-truth!

DATED: December 26, 2006

Edward Ronwin, pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Motion upon the following by FAX, this 26th day of December, 2006:

The Court's Clerk's office at FAX No. 612-664-5044; Defendant's counsel at FAX No. 312-853-7036; Jeffrey Pilkington, Defendant's Denver, CO counsel at FAX No. 303-893-1379; Plaintiff's Liaison Counsel, Deanna Dailey at Larson-King at FAX No. 651-312-6618.

Edward Ronwin

From: Dr. Edward Ronwin, 945 Rolland Moore Dr., L-2, Fort Collins, CO 80526
Telephone: 970-221-3837; FAX: 970-224-3838

To the following parties by FAX:

The Clerk's Office, U.S. Dist. Ct., Dist. of Minnesota
Sidley Austin, Defendant's attorneys in Chicago, IL. (Mizgala or Weber)
Courtesy copy: Jeff Pilkington, Denver, CO attorney for Def't.
Plaintiff's Liaison Counsel, Deanna Dailey at Larson-King

Date: December 26, 2006

Plaintiff's Motion per Fed.R.Civ.P.11 against Defendant, etc., is hereby transmitted for filing and for service upon the listed parties.

If there is any problem, please call me at 970-221-3837.

Edward Ronwin, PhD, JD