**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp.* | : | Case No. 02-0200 |

**DEFENDANT BAYER CORPORATION'S OPPOSITION TO PLAINTIFF'S**
**"MOTION SUGGESTING REMAND OF THIS SPECIFIC CASE"**

Dr. Ronwin's second attempt to transfer this case back to the District of Wyoming does not state a justifiable basis for remand. Dr. Ronwin claims: (1) case-specific discovery has ended, Motion at 6-7; (2) his case bears no commonality with any of the remaining cases in the MDL, Motion at 4; and (3) the Court abused its discretion in propounding Pretrial Order 149, which coordinates case-specific discovery and common discovery, Motion at 5. None of these assertions is supportable.

Pretrial proceedings have not concluded; indeed, case-specific discovery remains. Even Dr. Ronwin admits that his action shares the "common element" of allegations "that Baycol can cause bodily injury." *See* Bayer's Motion to Compel (relating to case-specific deposition of Dr. Ronwin's deposition as his own expert witness) (attached as Exhibit A); Motion at 4 (admitting common core of his claim with the others in this MDL). Further, this Court has not abused its discretion in the management of this MDL. Accordingly, Dr. Ronwin's Motion should be denied.

## I. CASE-SPECIFIC DISCOVERY PROCEEDINGS REMAIN.

Case-specific discovery is on-going. The Court has previously determined that remand is improper where, as here, "case-specific discovery is still on-going." *Lehmann v. Bayer Corp., et al.*, Pretrial Order No. 125, MDL Civil No. 02-180, slip op. at 3 (June 30, 2004) (attached as Exhibit B); *see also Ronwin v. Bayer Corp.*, MDL Civil No. 02-200, slip op. at 2 (July 1, 2004) (same) (attached as Exhibit C); *Hayes v. Bayer Corp.*, MDL Civil No. 02-445, slip op. at 2 (June 29, 2004) (same) (attached as Exhibit D).

Outstanding issues remain relating to Dr. Ronwin's putative "expert" report. Dr. Ronwin has refused to sit for an expert deposition without being paid an expert fee. Bayer has sought the Court's intervention in a motion to compel Dr. Ronwin to provide testimony as to his proffered report on Baycol's biochemistry. *See* Ex. A, Bayer's Motion to Compel. Should the Court grant Bayer's motion, Dr. Ronwin's expert deposition remains as open case-specific discovery. Bayer's motion must be resolved, and Dr. Ronwin's expert deposition must be taken, before this case is returned to the District of Wyoming. *See* Pretrial Order 149 at § VI (case-specific expert discovery and pending motions affecting the case must be resolved before remand) (attached as Exhibit E).

## II. DECISIONS ON CORE DISCOVERY MOTIONS ARE OUTSTANDING.

Remand is improper where core discovery proceedings remain. *See* Ex. C, *Ronwin*, slip op. at 2; Ex. B, *Lehmann*, slip op. at 3; Ex. D, *Hayes*, slip op. at 2. The

Court has yet to rule on a number of pending core discovery *Daubert* motions regarding putative experts proffered by both the PSC and Defendants in this MDL. Pending motions include: Defendants' motions to exclude adverse event report evidence, expert testimony that merely invokes the opinion of other proffered experts, as well as the testimony of PSC's putative general causation experts Harland Austin, Charles Boult, Bruce Carlson, Michael Corbett, John Farquhar, Richard Kapit, R. Samuel Mayer, Stephen Raskin, David Richman, Martyn Smith, and Thomas Zizic; and the PSC's motion to exclude portions of the testimony of Defendant's putative expert Janet Arrowsmith-Lowe. These motions are set for hearing on January 30-31, 2007.

Pursuant to the Court's Pretrial Order 149, "No case shall be eligible for remand to its transferor court unless . . . [t]he Court has ruled upon *Daubert* motions directed to generic experts and any additional pending motions affecting the case." Ex. E, Pretrial Order 149 at § VI. This Court's resolve to consider and decide pretrial motions in preparing coordinated cases for trial before remand is validated by the practice of other MDL courts. *See, e.g., Norplant Contraceptive Prods. Liab. Litig.*, 215 F. Supp. 2d 795, 803-33 (E.D. Tex. 2002) (deciding partial summary judgment motions after extensive common and case-specific); *In re PPA Prods. Liab. Litig.*, (MDL No. 1407), CMO 17C at 3 (W.D. Wash. June 23, 2004) (stating that a case is only ripe for remand after case-specific discovery is complete, common discovery is complete, and summary judgment motions arising out of *Daubert* opinions have been ruled upon) (attached as Exhibit F). *Daubert* motions and other motions common to all MDL No. 1431 cases are pending, and accordingly Dr. Ronwin's action is not eligible for remand.

## III. FACTUAL DIFFERENCES BETWEEN DR. RONWIN'S CLAIM AND OTHERS IN THIS MDL DO NOT REQUIRE REMAND.

Dr. Ronwin claims that factual peculiarities in his allegations and unique theories of liability in his complaint make his case ripe for remand. Motion at 2-4. This is clearly not the case, however.

*First*, Dr. Ronwin admits that, in spite of the factual differences between his allegations and the allegations contained in other cases in this MDL, his claim shares the same "common element" – allegations "that Baycol can cause bodily injury." Motion at 4. This common core is the very raison d'être for this MDL. Dr. Ronwin's admission that the essence of his case is not unique betrays his request for remand.

*Second*, factual nuances among cases in MDL proceedings do not render individual cases ripe for remand. The purpose of MDL proceedings is to coordinate pretrial proceedings for cases that share the same core, even where the facts of transferred cases are not the same. *See, e.g., In re Zyprexa Prods. Liab. Litig.*, 314 F. Supp. 2d 1380, 1381-82 (J.P.M.L. 2004) (finding that transferred cases need not share a factual identity, but must have a common core). Under 28 U.S.C. § 1047, the Court has the discretion to manage pretrial proceedings well beyond the conduct of common fact discovery. *See In re Patenaude*, 210 F.3d 135, 144 (3d Cir. 2000) (quoting *In re Plumbing Fixture Case*, 298 F. Supp. at 494) ("'all judicial proceedings before trial are pretrial proceedings'"). And the Court has exercised its discretion to go beyond common fact discovery in this MDL, ordering that cases are not eligible for remand before case-specific and expert

discovery is complete and the Court has ruled on *Daubert* motions relating to generic experts as well as other pending motions affecting the case. *See* Ex. E, Pretrial Order 149 at § VI. Coordinated MDL proceedings end at the conclusion of pretrial proceedings, not at the moment common discovery ends as Dr. Ronwin suggests.

*Third*, notwithstanding his assertion to the contrary, there are many plaintiffs in this proceeding seeking relief on the same theories of liability upon which Dr. Ronwin builds his complaint. Dr. Ronwin seeks recovery in gross negligence, strict liability, and breach of implied warranty. *See* Complaint (attached as Exhibit G). These theories of liability are not unique to Dr. Ronwin's complaint, and can be found repeatedly in a review of the allegations levied by other plaintiffs consolidated in this MDL. The fact that Dr. Ronwin has tried to buttress his claim with his own scientific ruminations does not provide a ground for early remand of this case.

## IV. DR. RONWIN MISTAKES THE JURISDICTION OF THE COURT IN THESE MDL PROCEEDINGS.

Dr. Ronwin claims that the Court has overextended its discretion by ordering case-specific discovery sequentially *after* core discovery, and not concurrently *with* core discovery. Motion at 5. He insists Pretrial Order 149, setting forth the schedule for case-specific discovery, is beyond the jurisdiction of the Court, and that alone warrants remand. *Id.* Dr. Ronwin's misinterprets the discretionary power of the Court in managing this MDL.

The Court has broad discretion in coordinating this multidistrict proceeding. "Section 1047 contemplates that the degree and manner of coordinated or consolidated pretrial proceedings is left entirely to the discretion of the trial judge." *In re Data General Corp. Antitrust Litig.*, 510 F. Supp. 1220, 1226 (J.P.M.L. 1979) (citing 28 U.S.C. § 1047); *see also In re U.S. Financial Litig.*, 64 F.R.D. 76, 79 (S.D. Cal. 1974) ("it is the responsibility and within the sole discretion of the transferee judge to determine whether and to what extent the pretrial proceedings in a particular action should be coordinated"). In this MDL, the Court has used its discretion to coordinate pretrial proceedings that will render these cases ready for trial when they are ultimately remanded by structuring case-specific discovery to follow core discovery. *See* Oct. 9, 2003 Transcript at 124 (expressing intent to leave only trial, and perhaps a pretrial settlement conference, for the transferor court on remand) (attached as Exhibit H); Ex. E, Pretrial Order 149 (setting schedule for case-specific discovery). This tack is entirely within the discretion of the Court and contemplation of 28 U.S.C. § 1047. Indeed, other MDL courts have taken a similar approach in coordinating MDL proceedings. *See, e.g., In re Orthopedic Bone Screw Prods. Liab. Litig.*, (MDL No. 1014), 1997 WL 303239, at *1-*3 (E.D. Pa. Feb. 13, 1997) (establishing case-specific discovery procedures after core generic discovery had been completed).

Side-stepping the rule of broad discretion, Dr. Ronwin points to cases in which courts have scheduled case-specific discovery to run concurrently with core discovery. *See* Motion at 5. But the exercise of discretion by other courts to run concurrent case-specific and core discovery does not render this Court's sequential

structuring of case-specific discovery after core discovery an abuse of discretion. The Court has wide latitude in developing measures to coordinate these matters, just as other courts have in other proceedings. *In re Data General Corp.*, 510 F. Supp. at 1226. Pretrial Order 149 was not an abuse of the Court's discretion, and Dr. Ronwin does not offer any authority to the contrary.

* * *

For these reasons, Bayer respectfully requests that the Court deny Dr. Ronwin's Motion Suggesting Remand Of This Specific Case.

Dated: December 27, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
James R. M. Hemmings
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Defendant Bayer Corporation's Opposition to Plaintiff's "Motion Suggesting Remand of This Specific Case" was electronically filed and served on December 27, 2006, and sent by U.S. Mail to:

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

[signature]
______________________