# Exhibit A

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp., et al.* | : | Case No. 02-0200 |

**DEFENDANT'S NOTICE OF MOTION AND MOTION TO COMPEL**

PLEASE TAKE NOTICE that Defendant Bayer Corporation moves the Honorable Susan Richard Nelson, United States District Court, U.S. Courthouse, Suite 9E, 300 South Fourth Street, Minneapolis, Minnesota, pursuant to Fed. R. Civ. P. 37(a)(2)(B), to compel Plaintiff Edward Ronwin to produce himself for his expert witness deposition without compensation. This motion is supported by the attached Memorandum and documents.

Dated: December 4, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Jeffrey Pilkington
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
(303) 892-9400

*Counsel for Bayer Corporation*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that a true and correct copy of the foregoing Defendant's Motion to Compel, supporting memorandum, proposed order, and exhibits were electronically filed and served, and served by U.S. Mail, postage prepaid to:

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

on December 4, 2006.

David L. Barlett

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp., et al.* | : | Case No. 02-0200 |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO COMPEL**

Pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure, Defendant Bayer Corporation ("Bayer") moves to compel Plaintiff *pro se* Edward Ronwin ("Ronwin") to produce himself for his expert witness deposition without compensation.

**INTRODUCTION**

Ronwin has designated himself as an "expert" witness on a number of issues, including the cause of his alleged injuries. Ronwin, however, refuses to be deposed unless he is paid an expert fee in advance. Although his fee has been a moving target, he has demanded as much as $5,000 for his deposition testimony.

Bayer is unaware of any authority to support Ronwin's position that a party, who designates and declares himself an expert witness, is entitled to payment for his deposition time from the party he sues. Ronwin is a retired biochemist and lawyer. As such, he will not incur any costs or losses by testifying. Moreover, Bayer seriously questions and will challenge Ronwin's qualifications. He is not a physician or otherwise qualified to offer expert opinions. Ronwin is simply a plaintiff who is trying to give

expert opinions and get paid in violation of the Federal Rules of Civil Procedure. Requiring Bayer to pay Ronwin for his testimony under these circumstances is improper. Accordingly, the Court should grant this motion and require Ronwin to appear for deposition about his expert report without demanding compensation within 30 days of the order.

## BACKGROUND

Ronwin asserts that he ingested Baycol for approximately seven months, from mid-January 2001 through early August 2001. During that time, he allegedly developed left shoulder pain, blurred vision, thigh pain, back pain, right arm pain, cataracts, and gait problems. The left shoulder pain eventually resulted in left rotator cuff repair surgery in June 2003.

Ronwin is not a physician. Rather, he is a retired biochemist and attorney. Based on his curriculum vitae (attached as Exhibit A), he received his Ph.D. in biochemistry over 50 years ago and stopped teaching and researching in the area about 40 years ago. In the early 1970s, he went to law school, and he graduated in 1974. Thereafter, he practiced law for about two decades. As an attorney, Ronwin has been the subject of varied disciplinary proceedings. Since the mid-1990s, Ronwin has been retired.

Ronwin represents himself in this case. In doing so, he has designated himself and Dr. Raul G. Reyes, M.D., as expert witnesses. Ronwin's expert report was served on June 26, 2004 (attached as Exhibit B). He purports to offer a variety of medical and causation opinions. In particular, Ronwin will opine that "the injuries and

damages that I suffered, and still suffer, are related to and caused by my ingestion of Baycol whose chemical structure can give rise to flouride ion which can, in turn, cause injury to numerous body components, proteins and tissues including the protein collagen in tendons and rotator cuff tendons." *Id.* at 1.

On April 17, 2006, Bayer took Ronwin's fact witness deposition. The parties agreed that Ronwin's expert deposition would be taken later in a separate deposition. Ronwin Depo. at 176:10–177:16 (attached as Exhibit C). Upon mutual agreement, his expert deposition was scheduled for September 28, 2006. Notice of Deposition, Sept. 6, 2006 (attached as Exhibit D).

In late August and early September, the parties were having difficulty scheduling Dr. Reyes' expert witness deposition. Some of the difficulty related to Dr. Reyes' demand for a $5,000 expert witness fee and Ronwin's demand for "equal time" at the deposition.

Because of this dispute, Ronwin demanded payment for his expert testimony – the first time that he had ever demanded payment. On September 6, 2006, Ronwin sent Bayer counsel a letter demanding $3,000 for four hours of deposition testimony (attached as Exhibit E). Later that same day, he sent another letter raising his fee to $5,000 (attached as Exhibit F).

On September 19, 2006, Ronwin contacted Bayer's counsel and requested that his expert deposition be rescheduled because of health problems. By letter, Bayer agreed to accommodate Ronwin's request (attached as Exhibit G).

Since the deposition was vacated, the parties have not been able to schedule the deposition because Ronwin continues to insist on an expert fee. By letter dated October 12, Ronwin stated that his fee was now $1,000, to be paid in advance of his deposition (attached as Exhibit H). In short, Ronwin will not be deposed unless he is paid in advance as an expert witness. Since Bayer refuses to do so, it seeks the assistance of this Court.

**ARGUMENT**

Pursuant to Fed. R. Civ. P. 26(b)(4)(A) and 30(a)(1), a party has the right to depose a person identified as an expert witness whose opinions may be presented at trial. Ronwin has designated himself as an expert witness and must therefore produce himself for deposition.

Fed. R. Civ. P. 26(b)(4)(C) provides that a party seeking discovery must pay the expert a reasonable fee for the time spent in responding to any discovery demands, including time spent on depositions, "unless manifest injustice would result." The purpose of Rule 26(b)(4)(C) is "to avoid the unfairness of requiring one party to provide expensive discovery for another party's benefit without reimbursement." *United States v. City of Twin Falls*, 806 F.2d 862, 879 (9th Cir. 1986).

It is improper for Ronwin to require that his adversary (Bayer) pay him to discover his unqualified and self-serving expert testimony and opinions. Bayer knows of no authority permitting a named party to serve as his own expert witness and to be paid for his deposition testimony as an expert under Rule 26(b)(4)(C) by the party that he has sued.

Further, Ronwin will not incur any costs or lost income by testifying at his expert deposition. Ronwin is an 82-year-old retiree who does not work. He has not worked in medicine or the subject matters at issue, more than preparing himself and his case for trial. By demanding payment, he is asking Bayer to pay for his case. Thus, the concept or purpose of "reimbursement" is irrelevant. As a result, no purpose underlying Rule 26 will be served if Bayer is forced to pay Ronwin for his deposition testimony.

Moreover, it would be manifestly unfair to require Bayer to pay Ronwin because he is not qualified and the requested fee is unreasonable. Ronwin's expertise, if any, centers only on his degree and experience which is nearly four decades stale. He does not have any medical degree or experience. Further, he has not incurred any fees by using himself as an expert. As a result, his demanded fee is patently unfair and unreasonable under the circumstances.

**CONCLUSION**

Ronwin's demand for payment is nothing more than a sham to extract money from Bayer. Ronwin, who will not incur any economic losses by testifying, should not be paid. He is unqualified to provide expert testimony, and no authority supports his position that he is entitled to compensation for his own self-serving and unqualified testimony and opinions from his adversary. For the foregoing reasons, Defendant Bayer Corporation requests that the Court enter an order that compels Ronwin to produce himself for his expert witness deposition without demanding compensation within 30 days of the date of this order.

**CERTIFICATION OF CONFERENCE**

Pursuant to Fed. R. Civ. P. 37(a)(2)(B), undersigned counsel for Bayer certify that they have conferred in good faith with Ronwin (who is representing himself *pro se*) in an effort to resolve this matter without court action and that the parties were unable to reach an agreement.

Dated: December 4, 2006

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Jeffrey Pilkington
DAVIS GRAHAM & STUBBS LLP
1550 Seventeenth Street, Suite 500
Denver, CO 80202
(303) 892-9400

*Counsel for Bayer Corporation*

# Exhibit B

E-SERVED 06/29/04 01:04 PM ET Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**PRETRIAL ORDER NO. 125**

**This Document Also Relates to:**
**Ilse Lehmann & Felix Lehmann v. Bayer et al.** **Civil No. 01-5324**

---

Wendy R. Fleishman, Lieff Cabraser Heimann & Bernstein, LLP, for and on behalf of Plaintiffs.

Peter W. Sipkins, Dorsey & Whitney LLP, and Adam L. Hoeflich, Barlit Beck Herman Palenchar & Scott, for and on behalf of Bayer Corporation.

Fred T. Magaziner, Dochert LLP, for and on behalf of GlaxoSmithKline.

---

Before the Court is Plaintiffs' Expedited Motion for Suggestion of Remand or, in the Alternative, for Expedited Trial Before the MDL Court by Designation (Doc. No. 26). Defendants Bayer Corporation and GlaxoSmithKline oppose the motion. The motion was argued at the June 22, 2004 status conference.

## I. BACKGROUND

Plaintiff Ilse Lehmann, age 80, developed rhabdomyolysis ("rhabdo") as a result of taking Baycol, and in October 2001 Plaintiffs filed the instant lawsuit seeking damages for Ms. Lehmann's injuries. The case was originally filed in the

E-SERVED 06/29/04 01:04 PM ET Baycol MDL 1431

Eastern District of Pennsylvania, and was transferred into this MDL by the Judicial Panel on Multidistrict Litigation.

In the instant motion, Plaintiffs request that this matter be remanded to the originating jurisdiction for trial as expeditiously as possible in light of Plaintiffs' age. In the alternative, Plaintiffs request that the Court hear this case while sitting by designation in Pennsylvania. Plaintiffs also request that the Court issue an expedited discovery schedule in this case. For the following reasons, Plaintiffs' motion is denied.

## II. DISCUSSION

28 U.S.C. § 1407 provides, in pertinent part, the following:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]

28 U. S.C. § 1407(a). Thus, remand at the conclusion of pretrial proceedings is mandatory, whereas remand prior to the conclusion of pretrial proceedings is discretionary with the transferee court. See In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001) (citation omitted).

E-SERVED 06/29/04 01:04 PM ET Baycol MDL 1431

In resolving the instant issue, the Court finds the Third Circuit's ruling in In re Patenaude, 210 F.3d 135 (3rd Cir. 2000) instructive. In Patenaude, part of the asbestos litigation, the Third Circuit declined to issue a writ of mandamus ordering the Judicial Panel on Multidistrict Litigation ("The Panel") to remand certain MDL cases to their respective transferor courts. See Patenaude, 210 F.3d at 146. The Third Circuit reasoned that The Panel did not abuse its discretion by refusing to remand the cases when discovery on overlapping issues affecting many asbestos cases was on-going in the MDL, and when settlement negotiations were continuing and often successful. See id.

The instant case is similar to Patenaude insofar as both core discovery and case-specific discovery is still on-going. (Pl. Mot. Remand ¶ 4; Def. Joint Opp. Mot. Remand at 2-3.) In their motion papers and during oral argument, the Parties stated that discovery is continuing in this MDL, including, but not limited to, production of previously confidential documents; depositions of top Bayer A.G. executives; generic expert discovery; and the PSC's attempts to secure documents seized by a certain Italian Prosecutor's office in its investigation of Bayer. In addition, although the Parties have failed to reach a mediated settlement thus far, it cannot be said that a settlement cannot ever be reached. Bayer characterizes settlement negotiations as "on-going," and is willing to attempt another mediation. The Court notes the success Bayer has had in reaching settlement in other rhabdo

E-SERVED
06/29/04
01:04 PM ET
Baycol MDL 1431

cases. See Patenaude, 210 F.3d at 145 (finding remand to the transferor court inappropriate when "the possibility exist[ed] that even individual settlement negotiations will be more efficient if facilitated by a judge who is intimately familiar with the general issues and many of the parties, and where in fact the record reflects that settlements are successfully being negotiated"). Therefore, the Court finds that this case should appropriately remain a part of this MDL. Both Parties will benefit from the yet to be completed discovery and, possibly, from future settlement negotiations. See id. at 146 (refusing to find denial of remand inappropriate even when remaining coordinated pretrial proceedings did not affect plaintiffs' cases); Bridgestone/Firestone, 128 F. Supp.2d at 1197 (stating that propriety of remand is usually based on whether the case will benefit from further coordinated MDL proceedings).

The Court is not unsympathetic to the fact that Plaintiffs are 80 years old. However, the reality of this MDL is that the vast majority of Plaintiffs are in their senior years. Allowing remand based on the age of individual plaintiffs and age of individual cases, without any other compelling or special circumstances, would harm this MDL. To that end, the Court agrees with Defendants that granting this remand request would be tantamount to opening the floodgates to thousands of other similar requests. (Def. Joint Opp. Mot. Remand at 1.) The Court declines to create a situation wherein remand motion practice could overtake this litigation,

E-SERVED 06/29/04 01:04 PM ET Baycol MDL 1431

and threaten "the just and efficient conduct" of this MDL. See 28 U.S.C. § 1407(a). This is especially improper when pretrial proceedings are not yet completed.

In conclusion, the Court finds that this case will benefit from the yet to be completed pretrial proceedings of this MDL. The Court also finds that remand of this case will not "serve the goal of expeditious disposition of this litigation," Manual for Complex Litigation (Fourth) § 20.133 (2004), but will instead slow it down and create an inefficient quagmire that will consume inordinate amounts of judicial time and resources. Therefore, this portion of Plaintiffs' motion is denied.

The Parties are currently in mediation, and are close to a settlement in this case. Therefore, Plaintiffs' requests for the Court to conduct an expedited trial while sitting by designation, and for an expedited discovery schedule are also denied.

**IT IS HEREBY ORDERED** that Plaintiffs' Expedited Motion for Suggestion of Remand or, in the Alternative, for Expedited Trial Before the MDL Court by Designation [Doc. No. 26 in Civil Case No. 01-5324] is **DENIED**.

Date: June 29, 2004

s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court

# Exhibit C

E-SERVED
07/02/04
02:44 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** — **MDL No. 1431 (MJD/JGL)**

**O R D E R**

**This Document Also Relates to:**
**Ronwin v. Bayer Corp. et al.** — **Civil No. 02-200**

---

Edward Ronwin, pro se.

Peter W. Sipkins, Dorsey & Whitney LLP, on behalf of Bayer Corporation.

---

Before the Court is Plaintiff's Motion to Remand to the District of Wyoming for Trial, or in the Alternative to Order Negotiation. Bayer opposes the motion.

## I. BACKGROUND

This action was originally filed in Wyoming state court, removed to federal court in the District of Wyoming and subsequently transferred into this MDL by the Judicial Panel on Multidistrict Litigation.

## DISCUSSION

28 U.S.C. § 1407 provides, in pertinent part, the following:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . and will promote the just and efficient conduct of such actions.

E-SERVED 07/02/04 02:44 PM ET Baycol MDL 1431

> Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]

28 U. S.C. § 1407(a). Thus, remand at the conclusion of pretrial proceedings is mandatory, whereas remand prior to the conclusion of pretrial proceedings is discretionary with the transferee court. See In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001) (citation omitted).

The Court finds it inappropriate to transfer this case back to Wyoming for trial because both core discovery and case-specific discovery are still on-going. See In re Patenaude, 210 F.3d 135, 146 (3rd Cir. 2000); In re Baycol Prod. Litig., MDL No. 1431, PTO 125 slip op. at 3-4 (D. Minn. June 29, 2004). Thus, the MDL has not yet fulfilled its purpose to coordinate and consolidate pretrial proceedings. See 28 U.S.C. § 1407(a). The Court further finds that all Parties will benefit from the yet to be completed discovery and, possibly, from future settlement negotiations. See Bridgestone/Firestone, 128 F. Supp.2d at 1197 (stating that propriety of remand is usually based on whether the case will benefit from further coordinated MDL proceedings); Patenaude, 210 F.3d at 145-46 (refusing to find denial of remand inappropriate even when remaining coordinated pretrial proceedings did not affect plaintiffs' cases, and when individual settlement negotiations were on-going).

Moreover, allowing remand when pretrial proceedings are not yet

E-SERVED
07/02/04
02:44 PM ET
Baycol MDL 1431

completed would lead to thousands of similar requests. See In re Baycol Prod. Litig., MDL No. 1431, PTO 125 slip op. at 4 (D. Minn. June 29, 2004). As previously stated, "The Court declines to create a situation wherein remand motion practice could overtake this litigation, and threaten 'the just and efficient conduct' of this MDL." Id. at 4-5 (quoting 28 U.S.C. § 1407(a)). Accordingly, Plaintiff's motion to remand must be denied.

Plaintiff Ronwin's alternative request of the Court to order negotiation, but not mediation, would circumvent the Settlement/Mediation Program established and governed by PTO Nos. 51, 59, 61 and 64 and the Court finds that Plaintiff Ronwin has not submitted a sufficient basis for doing so.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand, or in the Alternative to Order Negotiation But Not Mediation is **DENIED**.

Date: July 1, 2004

s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court

# Exhibit D

E-SERVED
06/29/04
05:03 PM ET
Baycol MDL 1431

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

**In re: BAYCOL PRODUCTS LITIGATION** **MDL No. 1431 (MJD/JGL)**

**O R D E R**

**This Document Also Relates to:**
**Terry G. Hayes v. Bayer** **Civil No. 02-445**

---

Terry G. Hayes, pro se.

Peter W. Sipkins, Dorsey & Whitney LLP, on behalf of Bayer Corporation and Bayer AG.

---

Before the Court is Plaintiff's Motion to Transfer Case to the Western District of Kentucky for Trial (Doc. Nos. 16 & 20), which the Court interprets as a motion to remand for trial.[1] Bayer opposes the motion.

## I. BACKGROUND

This action was originally filed in the United States District Court for the Western District of Kentucky, and was subsequently transferred into this MDL by the Judicial Panel on Multidistrict Litigation.

Plaintiff does not provide any specific reasons for his request for remand. Plaintiff alludes to "bias" (Pl. Mot. Transfer at 1), the fact that he is willing to

[1]Plaintiff's Motion is actually entitled "Motion to Transfer Back Western District of Kentucky for Trial." (Doc. No. 20.)

E-SERVED
06/29/04
05:03 PM ET
Baycol MDL 1431

mediate his case (Pl. Reply at 1-2), and the fact that he never received PTO 89. (Id. at 2).

## II. DISCUSSION

28 U.S.C. § 1407 provides, in pertinent part, the following:

> When civil actions involving one or more common questions of fact are pending in different districts, such actions may be transferred to any district for coordinated or consolidated pretrial proceedings. Such transfers shall be made by the judicial panel on multidistrict litigation . . . and will promote the just and efficient conduct of such actions. Each action so transferred shall be remanded by the panel at or before the conclusion of such pretrial proceedings to the district from which it was transferred unless it shall have been previously terminated[.]

28 U. S.C. § 1407(a). Thus, remand at the conclusion of pretrial proceedings is mandatory, whereas remand prior to the conclusion of pretrial proceedings is discretionary with the transferee court. See In re Bridgestone/Firestone, Inc., 128 F. Supp.2d 1196, 1197 (S.D. Ind. 2001) (citation omitted).

The Court finds it inappropriate to transfer this case back to Kentucky for trial because both core discovery and case-specific discovery are still on-going. See In re Patenaude, 210 F.3d 135, 146 (3rd Cir. 2000); In re Baycol Prod. Litig., MDL No. 1431, PTO 125 slip op. at 3-4 (D. Minn. June 29, 2004). Thus, the MDL has not yet fulfilled its purpose to coordinate and consolidate pretrial proceedings. See 28 U.S.C. § 1407(a). The Court further finds that all Parties will benefit from the yet to be completed discovery and, possibly, from future settlement negotiations. See Bridgestone/Firestone, 128 F. Supp.2d at 1197 (stating that propriety of

E-SERVED
06/29/04
05:03 PM ET
Baycol MDL 1431

remand is usually based on whether the case will benefit from further coordinated MDL proceedings); Patenaude, 210 F.3d at 145-46 (refusing to find denial of remand inappropriate even when remaining coordinated pretrial proceedings did not affect plaintiffs' cases, and when individual settlement negotiations were on-going).

Moreover, allowing remand when pretrial proceedings are not yet completed would lead to thousands of similar requests. See In re Baycol Prod. Litig., MDL No. 1431, PTO 125 slip op. at 4 (D. Minn. June 29, 2004). As previously stated, "The Court declines to create a situation wherein remand motion practice could overtake this litigation, and threaten 'the just and efficient conduct' of this MDL." Id. at 4-5 (quoting 28 U.S.C. § 1407(a)). Accordingly, Plaintiff's motion is denied.

Regarding Plaintiff's concern that he has not received a copy of PTO 89, the Court instructs Plaintiff that all pretrial orders are available free of charge on the Baycol website, a link to which can be found at www.mnd.uscourts.gov.

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Transfer Case to the Western District of Kentucky for Trial [Doc. Nos. 16 & 20] is **DENIED**.

Date: June 29, 2004

s/ Michael J. Davis
MICHAEL J. DAVIS
United States District Court

# Exhibit E

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| IN RE BAYCOL PRODUCTS | ) | |
| LIABILITY LITIGATION | ) | MDL No. 1431 |
| | ) | (MJD) |
| | ) | |
| This Document Relates to All Actions | ) | Pretrial Order No. 149 |

In order to promote the fair and efficient administration of this litigation, to comply with its continuing obligations as an MDL court, and to ensure that cases are trial-ready prior to remand, the Court enters the following Order establishing the schedule for case-specific discovery. Except as noted herein, PTOs 114, 127 and 131 are superseded by this Order, and the stay set forth in PTO 89 § 6 is lifted. All other prior Pretrial Orders shall remain in full force and effect to the extent that they are consistent with this Order.

Based upon these proceedings and the cases filed with this Court, IT IS HEREBY ORDERED:

## I. CASE-SPECIFIC DISCOVERY

### A. General Principles

1. **Sole and Exclusive Forum for Conducting Case-Specific Discovery.** All case-specific discovery in cases currently docketed or that may in the future be docketed in MDL 1431 and all related actions that have been or will be originally filed in or removed to this Court shall occur under the express limitations set forth below and during the time period permitted herein.

2. **Protocols for Case-Specific Fact Depositions.**

    a. Defendants shall be entitled to depose each Plaintiff, his/her healthcare provider(s), and any other person identified by Plaintiff's Fact Sheet or through collection of Plaintiff's records.

    b. Defendants shall be entitled to depose each Plaintiff for up to seven (7) hours of actual deposition time, absent agreement or further order of this Court upon a showing of good cause. Defendants shall be entitled to depose all other case-specific fact witnesses for up to four (4) hours of actual deposition time, unless Defendants can show a need for additional time to conduct a particular non-party deposition.

    c. Each plaintiff shall be deposed in one of the closest major metropolitan areas in the state, or neighboring state, in which he or she resides. Deposition sites shall be selected so that the depositions of multiple plaintiffs may be conducted at one

site, but so that Plaintiffs are not required to travel long distances to appear for their depositions.

d. Except for good cause shown, if a Plaintiff fails to appear for his/her scheduled deposition, such Plaintiff's claims will be dismissed with prejudice.

e. If a party or its counsel does not intend to appear for a deposition, counsel for that party must provide written notice to the attorney who noticed the deposition at least 24 hours before the deposition is scheduled to commence. Absent a showing of good cause, counsel for a non-appearing party who fails to provide this notice will be liable for the fees of the court reporter.

**3. Procedure for Serving Notice of Case-Specific Fact Depositions.**

a. **Depositions noticed by a Defendants:** Defendant shall serve notice via email and U.S. Mail on all counsel of record listed in PACER and on the PSC through:

Deanna D. Dailey, Esq. (ddailey@larsonking.com)
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

Returned receipt of email delivery shall be deemed proof of valid service for purposes of the Federal Rules of Civil Procedure.

b. **Depositions noticed by Plaintiffs:** Plaintiff shall serve notice via email and U.S. Mail on each of the following:

Susan A. Weber, Esq. (baycoldeps@sidley.com)
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

Fred T. Magaziner, Esq. (baycoldep@dechert.com)
DECHERT LLP
Circa Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Deanna D. Dailey, Esq. (ddailey@larsonking.com)
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

Plaintiff shall also serve notice via email and U.S. Mail on all counsel of record listed in PACER for any defendant other than Bayer or GSK. Returned receipt of email delivery shall be deemed proof of valid service for purposes of the Federal Rules of Civil Procedure.

## B. Plaintiffs' Preliminary Discovery Obligation

### 1. Case-Specific Expert Reports on Injury and Causation.

a. Plaintiffs who have not previously submitted an expert report pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131 shall identify at least one medical expert attesting that Baycol caused Plaintiff to suffer injuries or damages and serve upon defendants a report using the Stipulated Report Form appended to PTO 131. Reports shall be due by the following dates:

| | |
|---|---|
| Phase I (D. Minn. Nos. 01-2383 thru 03-1173) | March 3, 2006 |
| Phase II (D. Minn. Nos. 03-1174 thru 03-3743) | June 1, 2006 |
| Phase III (D. Minn. Nos. 03-3744 thru 04-0413) | August 30, 2006 |
| Phase IV (D. Minn. Nos. 04-0414 thru 05-3015) and any later docketed cases | November 28, 2006 |

b. With respect to Plaintiffs who have not previously submitted an expert report pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131, subject to the procedures set forth in PTO 114 §§ IV-VI, which are incorporated herein by reference, the Court shall dismiss with prejudice the claims of any Plaintiff who fails to comply with § I.B.1.a. of this Order.

c. With respect to any expert report submitted prior to this Order pursuant to PTO 114 § I.A. or § I.B.2. or pursuant to PTO 131, Defendants do not stipulate that the report is compliant with Rule 26(a)(2), PTO 114 or PTO 131 and reserve their right to challenge any such report pursuant to the applicable Federal Rules of Civil Procedure, Federal Rules of Evidence, and case law.

### 2. Supplementation of Plaintiff Fact Sheets.

By the deadlines set forth in § I.B.1.a. of this Order, each Plaintiff also shall supplement his or her Plaintiff Fact Sheet to identify any fact witnesses not previously disclosed to Defendants.

## C. Discovery Deadlines

### 1. Phase I Plaintiffs (D. Minn. Nos. 01-2383 thru 03-1173).

a. Immediately: Defendants may begin noticing depositions.

b. By March 13, 2006: Depositions of Plaintiffs and other fact witnesses may begin.

c. (1) Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the name of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information. (2) Within 30 days thereafter, Plaintiffs shall provide Defendants' counsel with notice of any intent to depose any of the disclosed sales representatives. Such notice shall automatically stay the right of Defendants to depose the prescribing physician for an additional 14 days.

d. By July 31, 2006: Case-specific fact discovery shall be completed, including case-specific fact depositions.

e. By August 30, 2006: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § 1.B.1. of this Order and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.

f. By September 29, 2006: Depositions of Plaintiffs' case-specific experts shall be completed.

g. By October 30, 2006: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.

h. By November 29, 2006: Depositions of Defendants' case-specific experts shall be completed.

**2. Phase II Plaintiffs (D. Minn. Nos. 03-1174 thru 03-3743).**

a. On July 31, 2006: Defendants may begin noticing depositions.

b. By August 30, 2006: Depositions of Plaintiffs and other fact witnesses may begin.

c. By January 29, 2007: Case-specific fact discovery shall be completed, including case-specific fact depositions.

d. (1) Within 14 days of completion of a Plaintiff's deposition, Defendants shall serve detailing information for the physician who prescribed Baycol to the Plaintiff. This detailing information shall include the name of the sales representative(s) who called on the prescriber, dates of detailing, and sampling information. (2) Within 30 days thereafter, Plaintiffs shall provide Defendants' counsel with notice of any intent to depose any of the disclosed sales representatives. Such notice shall automatically stay the right of Defendants to depose the prescribing physician for an additional 14 days.

e. By February 28, 2007: Plaintiffs shall serve any supplementation to expert reports submitted pursuant to PTO 114 § I.A. or § I.B.2., PTO 131, or § 1.B.1. of this Order, and identify all additional case-specific experts expected to testify at trial and serve Rule 26(a)(2) disclosures for such experts.

f. By March 30, 2007: Depositions of Plaintiffs' case-specific experts shall be completed.

g. By April 30, 2007: Defendants shall identify case-specific experts expected to testify at trial and produce Rule 26(a)(2) disclosures for such experts.

h. By May 30, 2007: Depositions of Defendants' case-specific experts shall be completed.

**3. Phase III Plaintiffs (D. Minn. Nos. 03-3744 thru 04-0413) and Phase IV Plaintiffs (D. Minn. Nos. 04-0414 thru 05-3015 and any later docketed cases).**

Discovery deadlines for these cases will be set by the Court at a future date, based on experience in managing Phase I and Phase II discovery.

**D. Extensions**

If a Phase I, II or III Plaintiff resides in one of the counties or parishes impacted by Hurricane Katrina or Hurricane Rita, Plaintiff's counsel may submit, within 30 days of entry of this Order, an e-mail to [Chambers Email Box, davis_chambers@mnd.uscourts.gov], with copies to the PSC [Richard Lockridge, ralockridge@locklaw.com] and Defendants [James Mizgala, jmizgala@sidley.com], requesting that such Plaintiff be grouped in Phase IV. Provided that Plaintiff's counsel submits proof of the last known address for Plaintiff, such address is located within one of the counties or parishes impacted by Hurricane Katrina or Rita (as listed in PTO 141), and Plaintiff's counsel attests that s/he has been unable to reach Plaintiff since Hurricane Katrina or Rita occurred, such Plaintiff will be moved to Phase IV. No further extensions will be granted except on a showing of extraordinary circumstances by the Plaintiff.

**E. Service of Case-Specific Rule 26(a)(2) Disclosures**

Consistent with § 4 of PTO 12, case-specific Stipulated Form Reports and supplementations to the Plaintiff Fact Sheet (*see supra*, § I.B.) and Rule 26(a)(2) disclosures shall be served on Defendants' counsel:

Susan A. Weber, Esq.
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, Illinois 60603

And

Fred T. Magaziner, Esq.
DECHERT LLP
Cira Centre
2929 Arch Street
Philadelphia, PA 19104-2808

Each Plaintiff shall, likewise, serve a copy of his or her case-specific report on:

Deanna D. Dailey, Esq.
Larson • King, LLP
2800 Wells Fargo Place
30 East Seventh Street
St. Paul, Minnesota 55101

**II. MOTION PRACTICE**

**A. Motions Related to Generic Experts**

By March 15, 2006, all remaining depositions of generic experts shall be completed. Briefing of *Daubert* and related motions shall proceed on the following schedule:

| | |
|---|---|
| Motions due | April 17, 2006 |
| Oppositions due | May 31, 2006 |
| Replies due | June 21, 2006 |

A hearing date or dates will be set by further order of this Court.

**B. Motions Directed to Multiple Plaintiffs**

Nothing in this Order shall prevent the parties from filing any motion directed to multiple Plaintiffs and/or recurring issues. A briefing schedule for any such motions shall be established following the completion of Phase I case-specific discovery.

**C. Case-Specific Motions**

Nothing in this Order shall prevent the parties from filing any case-specific motions, including but not limited to motions seeking remedies or sanctions against any Plaintiff for failure to serve discovery that complies with PTO 81 or disclosures that comply with Rule 26(a)(2), or dispositive motions, on a case-by-case basis.

## III. VOLUNTARY DISMISSALS

Any Plaintiff who seeks to dismiss his/her claims voluntarily following entry of this Order, and who previously has complied with PTO 81, must dismiss such claims with prejudice.

## IV. MEDIATION

All rhabdomyolysis cases shall be subject to mediation before remand. Counsel representing a Plaintiff with a rhabdomyolysis claim shall inform the PSC when counsel believes that case-specific discovery is completed. The PSC and Defendants shall meet and confer periodically to develop stipulated lists of claims that are ready to be referred to mediation pursuant to PTO 59 § 6. Such lists shall be submitted to the Court, after which time dates for mediation will be set.

## V. AUTHENTICATION

The Plaintiffs' Steering Committee shall submit to Defendants on or before April 3, 2006, a list of documents, by production number, that the PSC anticipates will be used in cases set for trial after remand. By June 30, Defendants shall provide the PSC with stipulations identifying those documents as to which authentication will not be disputed.

## VI. ROLLING REMAND OF CASES

No case shall be eligible for remand to its transferor court unless:

- Plaintiff's Fact Sheet is substantially complete and all identified deficiencies have been corrected;
- Plaintiff has executed all appropriate authorizations, including HIPAA-compliant authorizations, as requested by defendants;
- Case-specific fact and expert discovery has been completed;
- The Court has ruled upon *Daubert* motions directed to generic experts and any additional pending motions affecting the case; and

- For a rhabdomyolysis case, mediation has been conducted pursuant to § IV, *supra*, and PTO 59.

Schedules and procedures for designation of cases eligible for remand, on a rolling basis, shall be established by further order of the Court.

February 8, 2006

s / Michael J. Davis
Honorable Michael J. Davis
United States District Judge

# Exhibit F

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| IN RE: PHENYLPROPANOLAMINE (PPA) PRODUCTS LIABILITY LITIGATION,<br>______________________________<br>This document relates to all actions. | MDL NO. 1407<br><br>CASE MANAGEMENT ORDER NO. 17C REMAND OF CASES |

**This case management order replaces and supercedes Case Management Order ("CMO") Nos. 17, 17A and 17B.**

## I. INTRODUCTION

Proceedings in this MDL 1407 began in earnest with the Order re Initial Conference dated November 1, 2001, requiring plaintiffs and defendants to submit proposed committee rosters, and scheduling the initial conference in this MDL for November 16, 2001. Since then: (1) generic fact discovery (including written discovery, document production and review, discovery depositions, and requests for admissions) has been completed or substantially completed as to most MDL defendants for which "common benefit" discovery is being undertaken by the Plaintiffs; (2) a procedure for case-specific

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

fact discovery in each case has been implemented, and discovery pursuant thereto in cases subject to these MDL proceedings has been underway since 2002; (3) Rule 26 disclosures of generic experts have been made, discovery depositions of those experts are complete; and a process has been established to permit the adoption of those experts' opinions in other cases transferred or being transferred to this MDL; (4) trial preservation depositions of several of plaintiffs' and defendants' generic experts are underway or have been taken; (5) and *Daubert* motions have been filed challenging plaintiffs' generic medical experts' opinions as to general causation, briefing, and hearings on said motions have been completed, and the Court has issued its Decision on said motions.

Given the foregoing, the Court is satisfied that this Multi-District Litigation has sufficiently matured, such that, subject to the following procedures and conditions, qualified cases may now be considered by the Court for purposes of issuing a Suggestion of Remand Order to facilitate their remand by the Judicial Panel on Multidistrict Litigation ("JPML") to their transferor courts for further case-specific proceedings and final disposition.

## II. <u>REMAND CRITERIA- RIPENESS</u>

Generic fact discovery of defendants was required to be completed within specific time periods, as set forth in CMO No. 1, subject to certain extensions of time. Discovery as to experts on general causation, and issues of general applicability, was required to be completed by no later than March 10, 2003, with subsequently transferred cases subject to the provisions of CMO No.

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

9, providing for the adoption of or designation of experts on issues of general applicability. Case-specific fact discovery of plaintiffs in each case subject to these MDL proceedings was required to be completed within specific time periods depending on when each case was docketed in these proceedings, as set forth in CMO Nos. 6 and 6A.

In any case docketed in this MDL, a case will only be considered ripe for remand if the case is in compliance with CMOs Nos. 1, 6, 6A, 10, 13, 13A, 15, and any additional orders entered by this Court. Specifically, all of the following criteria must have been completed and/or fulfilled before a case will be considered ripe for remand:

- Plaintiff's fact sheet must be substantially complete per CMO Nos. 6 and 6A and all identified deficiencies must be corrected per CMO Nos. 6, 6A and 10;

- Plaintiff must have executed all appropriate authorizations, including new HIPAA-compliant authorizations if requested by defendants, as required by CMO Nos. 6 and 6A;

- Any permitted and timely filed discovery propounded by defendant(s) pursuant to CMO Nos. 6, 6A, or 10 must have been completed with no discovery disputes remaining unresolved;

- The deadline, as the same may have been extended by stipulation or Court order, for case-specific fact discovery must have passed and not be subject to any extensions under CMO Nos. 6, 6A or 10;

- If applicable to the case, plaintiff must have complied with the requirements of CMO No. 15 and any additional orders entered by this Court;

- The deadline for adopting or identifying generic experts per CMO No. 9 must have passed;

- Any summary judgment motion arising from the Court's *Daubert* Order entered June 18, 2003, applicable to the case must have been ruled upon.

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

## III. REMAND PROCEDURE

### A. Spreadsheet of Cases Ripe for Remand

On July 1, 2004, liaison counsel for defendants shall provide to the court and to liaison counsel for plaintiffs a spreadsheet listing all cases deemed ripe for remand as of June 1, 2004, using the criteria set forth in Section II of this order. This spreadsheet shall include the following information as to each case: case caption, MDL cause number, transferor court, identity of all defendants, and fact discovery deadline. Defense liaison counsel shall provide this spreadsheet to the court and to liaison counsel for plaintiffs in electronic form.

Counsel shall provide similar spreadsheets on August 2, 2004, September 1, 2004, October 1, 2004, and thereafter as directed by the court. Each of these subsequent spreadsheets shall identify cases that are considered ripe for remand as of the date of the previous spreadsheet, but shall not include any cases that were included on a previous spreadsheet. (For example, the spreadsheet filed on August 2, 2004, will identify those cases that are considered ripe for remand as of July 1, 2004, but not those cases that were included on the July 1, 2004 spreadsheet.)

While it shall be the responsibility of defense liaison counsel to provide the spreadsheets, any party to a case may file a notice of ripeness for remand on the monthly dates specified by the court.

### B. Orders to Show Cause

The court will issue orders to show cause why each case

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

designated as ripe for remand should not be remanded. The orders will set forth the dates by which objections and replies shall be filed, together with noting dates.

**C. Objections and Responses**

Any party to a case may submit an objection to the remand of a particular case as directed in the court's orders to show cause. Objections shall be limited to ten (10) double-spaced pages, and responses shall be limited to five (5) pages. Objections and responses must be served on liaison counsel, as well as counsel of record in the case to be remanded. To the extent possible, service upon liaison counsel should be electronic. There shall be no hearings permitted on any given show cause order except by leave of court.

**D. Eligibility for Remand**

The court has appointed Magistrate Judge Theiler to consider and rule on objections filed pursuant to Section III(c), above. Any case in which a show cause order has issued will be deemed eligible for remand if (a) no written objection is filed by the date specified in the court's order, or (b) upon Magistrate judge Theiler overruling all objections to remand of that case.

A party whose case has been deemed not eligible for remand as a result of a successful objection may resubmit the case on the dates set forth herein, after curing the grounds on which the objection was sustained.

**E. Suggestion of Remand Order**

Following Magistrate Judge Theiler's determination

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

regarding eligibility, the court will issue a Suggestion of Remand Order to be forwarded to the JPML, containing the names of the cases the court views as appropriate for remand. Issuance of a Suggestion of Remand Order triggers the Alternative Dispute Resolution requirements contained in CMO 18B for the cases listed in that order.

**F. Conditional Remand Order from the JPML**

Within seven (7) days of the date that a Conditional Remand Order is filed by the JPML with this transferee court, the parties will submit a joint proposed Final MDL Pretrial Order for the Court's signature. Such order will describe the events that have taken place in MDL 1407 and those items that require further action by the transferor court. A copy of the Final MDL Pretrial Order, along with the case file and materials, will be provided to the transferor court.

## IV. CONCLUSION

As the remand process progresses, it may become clear that aspects of this procedure could benefit from modification in order to make improvements or to lessen the burden on any participant in this process. Such participants may include the JPML, the parties, this court, any of the transferor courts, the Special Master Francis McGovern, or Magistrate Judge Theiler. The parties are instructed to confer prior to proposing changes to this procedure.

E-SERVED 08/26/05 06:59 PM ET Baycol MDL 1431

DATED this 23rd day of June, 2004.

s/ Barbara Jacobs Rothstein
Barbara Jacobs Rothstein
United States District Court Judge

# Exhibit G

IN THE DISTRICT COURT FOR THE STATE OF WYOMING
IN AND FOR THE COUNTY OF LARAMIE

| | | |
|---|---|---|
| EDWARD RONWIN,<br><br>Plaintiff,<br><br>vs.<br><br>BAYER CORPORATION, d/b/a BAYER PHARMACEUTICAL DIVISION an Indiana corporation,<br><br>Defendant. | ) | No. 154-4<br><br>COMPLAINT<br>(Tort) |

FILED
SEP 05 2001
GERRIE E. BISHOP
CLERK OF THE DISTRICT COURT

COMES NOW the Plaintiff, ("RONWIN"), and for his Complaint against the Defendant, ("BAYER"), alleges as follows:

COUNT I

(Negligence; Willful and Wanton)

JURISDICTION

I

This Court has jurisdiction of this action, inter alia, pursuant to WSA §1-5-109. The damages claimed by RONWIN exceed the jurisdictional amount required.

PARTIES

II

RONWIN is a citizen and domiciliary of the State of Wyoming, residing in the City of Cheyenne.

III

BAYER is a corporation incorporated in the State of Indiana and has its principal offices in the State of Pennsylvania. BAYER does business, inter alia, as BAYER PHARMACEUTICAL DIVISION located in West Haven, Connecticut.

OPERATIVE FACTS

IV

RONWIN has had elevated blood cholesterol for a number of years. In the course of treatment, a medical doctor specializing in cardiac problems prescribed a daily dose of 0.4mg. of a blood cholesterol-reducing drug known by the common name of Baycol, and also known in pharmaceutical circles as, Cerivastatin.

V

Baycol is a product researched, manufactured and sold by BAYER, through BAYER PHARMACEUTICAL DIVISION, and the product has been distributed by pharmacies throughout the United States to those members of the public holding prescriptions therefor written by medical care providers.

VI

RONWIN began to take Baycol on or about January 10, 2001 and took the drug thereafter to August 7, 2001, which was the day, or close to the day, that BAYER announced to the world the withdrawal of Baycol from the market.

VII

RONWIN purchased Baycol, pursuant to prescription during the period of time in which he was taking it, from a pharmacy in Cheyenne, Wyoming.

VIII

Shortly after commencing the taking of Baycol, RONWIN began to experience a number of symptoms which included, but are not necessarily limited to, muscular difficulties in various parts of the body.

IX

In its mad dash to bring Baycol to the market and to achieve approximately twenty percent, (20%), profitability, BAYER willfully and wantonly failed to determine proper dosage of Baycol necessary to achieve acceptable blood cholesterol reduction levels.

X

In its mad dash to bring Baycol to the market and to achieve approximately twenty percent, (20%), profitability, BAYER willfully and wantonly failed to determine the detrimental effects of Baycol on the health of persons for whom Baycol was prescribed as a blood cholesterol-reducing agent.

XI

As a consequence of taking Baycol and the aforesaid activities of BAYER, RONWIN has experienced, and continues to experience, pain, suffering, additional and unnecessary health concerns, and damages exceeding the jurisdictional amount required in this action in this Court.

XII

This is a case for punitive and exemplary damages.

**WHEREFORE**, Plaintiff asks this Court for Judgment as follows:

(1) For an award of compensatory damages in an amount to be determined at trial hereof;

(2) For an award of exemplary and punitive damages in an amount to be determined at trial hereof;

(3) For the costs of this action; and,

(4) For such other relief as to this Court appears just and

equitable in the premises.

COUNT II

(Strict Liability in Tort)

XIII

RONWIN reiterates each and every allegation in Count I, supra, as though set forth verbatim herein.

XIV

BAYER, through its BAYER PHARMACEUTICAL DIVISION, was and is in the business of researching, manufacturing and selling drugs which are ultimately sold to those members of the public that hold prescriptions written for BAYER's drugs by medical care providers; among the drugs which BAYER researched, manufactured and sold was Baycol.

XV

Baycol was an unsafe drug for its intended use and was not properly researched before BAYER put Baycol on the market.

XVI

Baycol was inherently dangerous to human life when placed on the market and sold to the prescription-holding public.

XVII

As a consequence of taking Baycol and the aforesaid activities of BAYER, RONWIN has experienced, and continues to experience, pain, suffering, additional and unnecessary health concerns, and damages exceeding the jurisdictional amount required in this action in this Court.

XVIII

This is a case for punitive and exemplary damages

**WHEREFORE,** Plaintiff asks this Court for Judgment as follows:

(1) For an award of compensatory damages in an amount to be determined at trial hereof;

(2) For an award of punitive and exemplary damages in an amount to be determined at trial hereof;

(3) For the costs of this action; and,

(4) For such other relief as to this Court appears just and equitable in the premises.

COUNT III

(Breach of Implied Warranty)

XIX

RONWIN reiterates each and every allegation in Count I, supra, and Count II, supra, as though set forth verbatim herein.

XX

An implied warranty that Baycol was fit and safe running from BAYER to all persons who used Baycol existed.

XXI

RONWIN was one of the persons who used Baycol pursuant to prescription from a medical doctor specializing in cardiac problems.

XXII

Baycol is an unsafe drug dangerous to human health and unfit for human use and has caused RONWIN to experience, and to continue to experience, pain, suffering, additional and unnecessary health concerns, and damages exceeding the jurisdictional amount required in

this action in this Court.

XXIII

As a consequence, BAYER has breached its implied warranty that Baycol is fit and safe for human use.

XXIV

This is a case for punitive and exemplary damages.

**WHEREFORE**, Plaintiff asks this Court for Judgment as follows:

(1) For an award of compensatory damages in an amount to be determined at trial hereof;

(2) For an award of punitive and exemplary damages in an amount to be determined at trial hereof;

(3) For the costs of this action; and,

(4) For such other relief as to this Court appears just and equitable in the premises.

Edward Ronwin

Edward Ronwin
P.O. Box 20875
Cheyenne, WY 82003
(307) 433-0036
Plaintiff pro se

# Exhibit H

UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
FOURTH DIVISION

---------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: Baycol Products Litigation | ) | File No. MDL 1431 (MJD/JGL) |
| | ) | |
| | ) | Minneapolis, Minnesota |
| | ) | October 9, 2003 |
| | ) | 9:30 a.m. |

---------------------------------------------------------

BEFORE THE HONORABLE MICHAEL J. DAVIS
UNITED STATES DISTRICT COURT JUDGE
(STATUS CONFERENCE)

APPEARANCES

For the Plaintiffs: CHARLES ZIMMERMAN, ESQ.
ELIZABETH CABRASER, ESQ.
RONALD GOLDSER, ESQ.
VICTORIA MANIATIS, ESQ.
RANDY HOPPER, ESQ.
JOHN CLIMACO, ESQ.

For the Defendants: PHILIP BECK, ESQ.
ADAM HOEFLICH, ESQ.
GENE SCHAERR, ESQ.
PETER SIPKINS, ESQ.
FRED MAGAZINER, ESQ.
SUSAN WEBER, ESQ.
DOUGLAS MARVIN, ESQ.
SCOTT SMITH, ESQ.

Court Reporter: LORI A. CASE, RMR-CRR
1005 U.S. Courthouse
300 South Fourth Street
Minneapolis, Minnesota 55415
(612) 664-5104

Proceedings recorded by mechanical stenography;
transcript produced by computer.

trial here before they go back. Because there's no need for the trial court judge to have to go through all this again. Everything is going to be screened here.

And so what's going to happen -- is that the microphone? Anything that's going to happen, all the judge is going to do is go to trial or maybe have another settlement conference to try to see whether or not something can be settled.

But we are going to have the settlement conferences. We are going to do everything here. These cases are going to be squeaky clean before they go back.

MR. ZIMMERMAN: I appreciate that, Your Honor. Thanks for the direction and we will --

THE COURT: So that should alert the PSC and all the lawyers involved with this that they will have to -- they might as well start getting ready doing the things that they have to do to gear up for trial. They are not going to be able to put it off for a year or two years thinking that something is going to happen.

They are going to have to start getting their doctors ready, getting whatever medical information ready, their witnesses ready, be ready for settlement conferences, and then being sent back off to their districts where they came from or the states where they came from.

I am just not going to not do anything with those