**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp.* | : | Case No. 02-0200 |

**DEFENDANT BAYER CORPORATION'S RESPONSE TO PLAINTIFF EDWARD RONWIN'S "MOTION BASED ON FED. R. CIV. P. 11 AGAINST DEFENDANT BAYER CORP. AND DEMAND FOR ORAL ARGUMENT ON BAYER'S MOTION TO COMPEL OR, IN THE ALTERNATIVE, TO CONSIDER THIS DOCUMENT AS A COUNTER REPLY TO BAYER'S MOTION TO COMPEL"**

Plaintiff Edward Ronwin's ("Dr. Ronwin") "Rule 11" Motion is a thinly veiled sur-reply that does nothing more than summarize his response to Defendant Bayer Corporation's ("Bayer") motion to compel. Because Dr. Ronwin's Rule 11 motion is improper and because his sur-reply is baseless and not permitted by the local rules, it should be denied.

Dr. Ronwin's motion for sanctions is improper. Dr. Ronwin claims that Bayer violated Rule 11 by: (1) stating that the issue of whether Dr. Ronwin is entitled to an expert fee for his own expert deposition is the only issue before the Court, and (2) citing supporting case law in a reply that had not been previously identified. Motion at 1-3. Dr. Ronwin has failed to follow the procedure for seeking sanctions under Rule 11. Dr. Ronwin must provide Bayer "notice [of purported violations] and a reasonable opportunity to respond." Fed. R. Civ. P. 11(c). Dr. Ronwin did not attempt to clear this

procedural hurdle before filing his Motion, and for that reason alone his Motion must be denied. Furthermore, neither of the claimed trespasses rises to a violation of Rule 11, and Dr. Ronwin cites nothing more than his own reckoning in support of his contentions.

Dr. Ronwin has forced on the Court a sur-reply to Bayer's motion to compel. His pleading is baseless. *First*, Dr. Ronwin is not permitted a sur-reply by the local rules. *See* L.R. 7.1(f) ("Except with permission of the Court, no memoranda of law will be allowed except as provided by these rules.") His pleading should be stricken accordingly.

*Second*, Dr. Ronwin complains his response to Bayer's motion to compel would have been different had Bayer cited *Kooritzky v. Herman*, 178 F.3d 1315 (D.C. Cir. 1999), in its motion rather than its reply. Motion at 1-2.[1] But Dr. Ronwin did not cite *any* case law in his response that refuted the central issue of Bayer's motion to compel: that Dr. Ronwin is not entitled to an expert fee for his own expert deposition. Nor has Dr. Ronwin identified *any* authority that supports an entitlement to a fee for his own expert deposition in this purported sur-reply. Bayer's citation to *Kooritzky* caused Dr. Ronwin no prejudice. Bayer's argument was made in its motion, and Dr. Ronwin presented no authority entitling him to an expert fee in his response.

*Third*, Dr. Ronwin reiterates his contention that Bayer's motion to compel Dr. Ronwin's expert deposition without fee came too late. Motion at 3. But this is simply not the case. Dr. Ronwin agreed to sit for his expert deposition on September 28,

[1] As a courtesy, Bayer provides Dr. Ronwin with a copy of *Kooritzky*, attached as Exhibit 1 to this response.

2006. Ex. 2, Pilkington Declaration at ¶ 4; *id.* at Ex. A. On the same day Dr. Ronwin's expert deposition was noticed, he demanded a fee in the amount of $3,000.00 for four hours. *Id*. at ¶ 6; *id.* at Ex. B. Dr. Ronwin then upped his demand to $5,000.00 for four hours' time. *Id*. at ¶ 6; *id.* at Ex. C, D. Dr. Ronwin contended that because another expert in his case had been paid $5,000.00 for four hours, so should he. *Id*. at ¶ 7. Bayer refused to pay Dr. Ronwin a fee. *Id*. at ¶¶ 7, 9. Days before his deposition was scheduled to take place, Dr. Ronwin backed out because of health reasons. *Id*. at ¶ 8. Bayer agreed to work with Dr. Ronwin to reschedule in light of Dr. Ronwin's claim that he had been taken ill. *Id*. at ¶ 8; *id.* at Ex. E. Dr. Ronwin, however, continued to demand a fee, though over time reducing that sum to $1,000.00 for his appearance. *Id*. at ¶ 9; *id.* at Ex. F. Discovery closed on November 29, 2006, without Dr. Ronwin sitting for his expert deposition. *Id*. at ¶ 10. Bayer filed its motion to compel on December 4, 2006, only days after Dr. Ronwin took his refusal to sit for a deposition without payment through the discovery deadline. Ex. 3, Bayer's Motion to Compel. Bayer should not be penalized for its willingness to resolve this dispute out of court through the last hours of discovery.

Throughout discovery, Bayer has accommodated and cooperated with Dr. Ronwin. It did so in this instance as well. Dr. Ronwin suffered no prejudice by the December filing of Bayer's motion to compel. Dr. Ronwin is an 82 year-old retiree who has not worked in the field of his putative expertise in years. Indeed, Dr. Ronwin does not contend that he would be inconvenienced by a deposition now, as opposed to before November 29, 2006. Bayer should not be required to fund litigation against itself by

paying a fee to take Dr. Ronwin's deposition as his own putative expert.[2] Likewise, Dr. Ronwin should not be permitted the advantage of avoiding an expert deposition on the unsupportable ground that he is entitled to a fee.

For the foregoing reasons, Dr. Ronwin's Motion for Rule 11 sanctions/sur-reply should be denied, and Bayer's motion to compel Dr. Ronwin's expert deposition should be granted.

Dated: January 2, 2007

---

[2] Dr. Ronwin claims that by seeking his "expert deposition," Bayer has waived any challenge to his putative expertise. Motion at 3. This is nonsense. Dr. Ronwin has proffered himself as an expert. Pursuant to this Court's pretrial orders and the Federal Rules of Civil Procedure, Bayer has the right to take Dr. Ronwin's expert deposition to explore Dr. Ronwin's opinions and to determine whether Dr. Ronwin's report and testimony meet the tests set forth in Rule 702 and *Daubert v. Merrell Dow Pharmaceuticals*, 509 U.S. 579 (1993). Bayer does not waive its right to challenge the legitimacy of Dr. Ronwin's opinions by labeling his deposition as a putative expert an "expert deposition."

Respectfully submitted,

/signature on file/

Susan A. Weber
James W. Mizgala
James R. M. Hemmings
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

*Counsel for Bayer Corporation*

CERTIFICATE OF SERVICE

I, David L. Barlett, certify that true and correct copies of the foregoing Defendant Bayer Corporation's Response to Plaintiff Edward Ronwin's "Motion Based on Fed. R. Civ. P. 11 Against Defendant Bayer Corp. and Demand for Oral Argument on Bayer's Motion to Compel or, in the Alternative, to Consider This Document as a Counter Reply to Bayer's Motion to Compel and exhibits were electronically filed and served on January 2, 2007, and were sent by U.S. Mail to

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

[signature] David L. Barlett