UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re BAYCOL LITIGATION | ) | |
| | ) | MDL No. 1431 (MJD/SRN) |
| This Document relates to: | ) | |
| | ) | Case No. 02-0200 |
| Ronwin v. Bayer Corp. | ) | |

**PLAINTIFF'S REPLY TO BAYER'S OPPOSITION TO PLAINTIFF'S MOTION FOR REVIEW OF MAGISTRATE'S ORDER FEB 23, 2007 PURSUANT TO 28 U.S.C. § 636(b)(1)**
**ORAL ARGUMENT REQUESTED**

Plaintiff, ("RONWIN"), hereby Replies to Defendant's, ("BAYER"), Opposition, ("OPPO"), To RONWIN's Motion for Review of Magistrate's Order Feb 23, 2007 Pursuant to 28 U.S.C. §636(b)(1), ("MOTION").

The only matter on p.1, OPPO, is the recitation that the Magistrate entered said Order and that RONWIN "..has listed himself as an expert."

ON BAYER'S POINTS OF OPPOSITION:

I. BAYER claims that RONWIN "...asserts that [the] Order should be subject to de novo review..," but that § 636(b)(1)(A) calls, [allegedly only], for a "clearly erroneous or contrary to law" standard, 1st ¶, p. 2, OPPO. The standard of review question is discussed at pp. 3-4, MOTION, and its is clear that, while §§ 636(b)(1)(A) and 636(b)(1)(B) do state separate standards of review, the Dist. Ct., in reviewing a Magistrate's holdings is not limited, Delco Wire & Cable, Inc. v. Weinberger, 109 F.R.D. 680, 685 (E.D.Pa.1986). Moreover, the U.S. Sup. Ct., quoted at p. 4, MOTION, made clear in Thomas v. Arn, 474 U.S. 140, 154, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985), that:

> Moreover, while the statute, [§ 636(b)(1)], does not require the judge to review an issue de novo if no objections are filed, it does not preclude review by the district judge sua sponte or at the request of a party, under a de novo or any other standard...

(last emphasis added; bracketed notation provided).

SCANNED
MAR 15 2007
U.S. DISTRICT COURT MPLS

In the face of the above-quoted declaration by the U.S. Sup.Ct., BAYER's point in opposition is wholly without merit.

But the court should consider, that despite the clear, above quotation from Thomas in MOTION, BAYER acts in OPPO as though the quotation does not exist. It is time for this court to inform BAYER that such "advocacy" will not be tolerated!

II. BAYER presents more nonsense in its brief argument that MOTION violates Local Rule 7.1(g), 2nd ¶, p. 2, OPPO. The preceding discussion on the standard of review, as also found at pp.3-4, MOTION, as well as the text of § 636(b)(1), (found below the text of § 636(b)(1)(B)), is a clear authorization to file MOTION, (which could also have been labelled a "petition"), under Federal statute which obviously supersedes said Local Rule.

Are BAYER's attorneys so incompetent that they did not recognize the foregoing, or was their OPPO point in 2nd ¶, p. 2, OPPO, submitted merely to expand the amount of paper already filed in this MDL?

III. In this last Point of Opposition, 3rd ¶, p. 2-3, OPPO, BAYER argues the following two (2) propositions:

(a) That RONWIN, allegedly, "...offers no evidence or law supporting his claims that a defendant must compensate a plaintiff who seeks to be his own witness."

(b) That RONWIN puts forth the, allegedly, "...novel claim that Bayer may not depose Ronwin unless Bayer concedes that he is a qualified expert," and that, "Ronwin cites no law for this proposition."

As to BAYER's Point in Opposition, III.(a):

This matter is discussed in depth at pp. 20-24, MOTION.

BAYER cited the case of Kooritzky v. Herman, 178 F.3d 1315 (D.C.Cir. 1999), as allegedly ruling that party-experts are not entitled to an expert fee for their expert deposition. Mr. Kooritzky claimed that he was an expert immigration lawyer and therefore entitled to an expert fee for his "immigration lawyering." That thesis was presented to the court after he was denied an attorney's fee for acting as a pro se attorney under the Equal Access to Justice Act, ("EAJA").

The Kooritzky court held that the fee provisions of the EAJA, Civil Rights Statutes, (42 U.S.C. § 1988), and the Freedom of Information Act, ("FOIA"), all required an agent-principal relationship which a pro se lawyer cannot obviously create with him or herself. Hence, his attorney fee application was denied, 178 F.3d @ 1318. That relationship was desired to encourage citizens of low financial means to acquire attorney assistance in efforts to enforce civil rights, 178 F.3d @ 1318-1320.

After being denied attorneys fees, Mr. Kooritzky sought the same fees as an immigration expert, but he was denied same because the Kooritzky case was a "routine APA, [Administrative Procedure Act], case," 178 F.3d @ 1321, see p. 22, MOTION.

The Kooritzky case does not bar expert deposition fees to party-experts.

Moreover and contrary to BAYER's assurance, which as usual is false, RONWIN did "cite law" in support of his contention that he is entitled to an expert fee for his expert deposition. As noted on p. 23, MOTION, RONWIN does not advance for an expert fee based on EAJA, § 1988 or FOIA. Rather, RONWIN demands an expert deposition fee based on Fed.R.Civ.P. 26(b)(4)(C)--which is law, and which rule does not require an agent-principal relationship and does not bar deposition fees to party-experts!

As to BAYER's Point in Opposition, III.(b):

This matter is considered at middle, p. 13 to middle, p. 15, MOTION, wherein it is shown, by quotation from BAYER's representations to this court, that BAYER has persisted in arguing to this court in the MEMO to its Motion for Summary Judgment that RONWIN is not an expert. However, in BAYER's MEMO to its Motion to Compel, it demands to take RONWIN's expert deposition. Since BAYER has assured this court that it has determined that RONWIN is not an expert, it cannot at the same time take an expert deposition of RONWIN. Any such deposition would be another and third (3rd) fact deposition; the time for which has long past.

BAYER cannot have it two ways. If, as it insists to this court that RONWIN is not an expert, it cannot be allowed to take RONWIN's expert deposition. BAYER must recognize RONWIN as an expert to be allowed to take RONWIN's expert deposition.

Furthermore, it is shown in MOTION that BAYER is well beyond the time to seek any further deposition in this MDL of Phase I plaintiffs, such as RONWIN, and failed to fulfill its commitment to arrange an expert deposition of RONWIN "in two weeks" and within the allowed time to take Plaintiff expert depositions, see material from RONWIN's fact deposition, item (ii), middle p.15 to middle, p. 17, MOTION; also, see 1st full ¶, p. 25, MOTION.

If BAYER persists in demanding to take RONWIN's expert deposition it must be required to withdraw its Daubert motion against RONWIN found on pp. 20-23, MEMO to BAYER's Motion for Summary Judgment; to remove all other comments in said MEMO which cast aspersion on RONWIN's expertise and to pay RONWIN an expert fee for his appearance at any such deposition, see item (iii), p. 19, MOTION. To hold otherwise would encourage duplicity in advocacy; something no court should ever do!

Further, BAYER's argument that, as RONWIN insists that he is an expert, it is permissible for BAYER to adopt a duplicitous position herein is nonsense. No party can be permitted to take absolutely opposite positions at the same time in the same lawsuit, item (iv), p.19, MOTION.

**WHEREFORE**, Plaintiff asks this court to perform a de novo determination of this matter and to deny Defendant's demand to take Plaintiff's expert deposition unless Defendant is willing to pay Plaintiff his expert fee demand.

DATED: March 15, 2007

Edward Ronwin, pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Reply upon the following by FAX, this 15th day of March, 2007:

The Court Clerk's office, at FAX No. 612-664-5044.
Defendant's counsel at FAX No. 312-853-7036
Plaintiff's Liaison Counsel, Deanna Dailey at Larson-King at FAX No. 651-312-6618

Edward Ronwin

From: Dr. Edward Ronwin, 945 Rolland Moore Dr., L-2, Fort Collins, CO 80526
Telephone: 970-221-3837; FAX No. 970-224-3838

To the following parties to this FAX:

The Court Clerk's office, Dist. of Minnesota
Sidley Austin, Defendant's attorneys in Chicago, (Weber or Mizgala)
Plaintiff's Liaison Counsel, Deanna Dailey at Larson-King

Date: March 15, 2007

A Reply to Bayer's Opposition to Ronwin's Motion for Review of Magistrate's Order is being faxed herewith.

If there is any problem, please call at the above telephone number.
The faxing is being done with a new machine that appears to be working well.

Edward Ronwin, PhD, JD