**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA**

| | | |
|---|---|---|
| In re BAYCOL PRODUCTS LITIGATION | : | MDL No. 1431 (MJD/SRN) |
| This Document Relates to: | : | |
| *Edward Ronwin v. Bayer Corp.* | : | Case No. 02-0200 |

**BAYER CORPORATION'S OPPOSITION
TO "EMERGENCY MOTION FOR PROTECTIVE ORDER
AND STAY OF MAGISTRATE'S ORDER"**

Plaintiff Edward Ronwin has proferred himself as an expert in support of his own claims and demanded payment for testifying. Judge Nelson has ordered him to appear for a deposition by March 25, 2007, and has ruled that Bayer is not obligated to subsidize Ronwin's suit by paying to question him. *See* Order of Feb. 23, 2007 ("Judge Nelson's Order") (Ex. A). Rather than appear for his deposition, scheduled for tomorrow, Ronwin seeks a stay and protective until this Court can rule on his appeal of Judge Nelson's order. *See* Ronwin's Motion for Review of Magistrate's Order Feb. 23, 2007 Pursuant to 28 U.S.C. § 636(b)(1), filed March 9, 2007.

Ronwin has not demonstrated that he is likely to prevail on his appeal, or that he will be irreparably harmed by testifying, or that he would be oppressed by giving testimony that he has offered in support of his own claims. Accordingly, the Court should order Ronwin to appear for his deposition tomorrow or withdraw his proferred expert report.

1. Ronwin's appeal of Judge Nelson's Order does not stay, by itself, the implementation of that Order. *See, e.g., Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 124 F.R.D. 75, 79 (S.D.N.Y. 1989) ("Litton's motion objecting to the magistrate's orders did not stay Litton's obligations under those orders"); MOORE'S FEDERAL PRACTICE, § 72.10[4] ("the filing of an objection does not automatically stay operation of the order"). Ronwin must demonstrate that a stay is warranted. He has not done so.

2. Ronwin has not established entitlement to a stay. This Court follows a four-part test to determine whether a stay is appropriate: (1) whether Ronwin has made a strong showing that he will succeed on the merits of his appeal; (2) whether Ronwin has shown that he will be irreparably injured should a stay not be instituted; (3) whether Bayer will be substantially injured upon the issuance of a stay; and (4) whether the public interest demands a stay. *See MedCam, Inc. v. MCNC*, 2004 WL 1790184, at *1 (D. Minn. Aug. 9, 2004) (citing *Hilton v. Braunskill*, 481 U.S. 770 (1987)).

Ronwin has not made a strong showing that he will succeed on appeal. To the contrary, Ronwin has not met the procedural requirements to seek the review of Judge Nelson's Order. Nor has he presented any support for his assertion that Judge Nelson clearly erred in ordering him to testify without compensation. *See* Bayer's Opposition to "Motion for Review of Magistrate's Order Feb. 23, 2007 Pursuant to 28 U.S.C. § 636(b)(1)." Further, Ronwin will not be irreparably injured by appearing for his deposition while the Court reviews Judge Nelson's Order. If the Court decides that Mr. Ronwin is entitled to payment for testifying in his own case, he can be compensated at that time. Moreover, Bayer and the public are entitled to move Ronwin's case forward.

This is a Phase 1 case that should not be subject to further discovery delays. Accordingly, the stay should be denied.

3. Ronwin's request for a protective order also should be denied. A protective order may be granted where "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c). Ronwin has offered himself as an expert in this action and has agreed to sit for a deposition. Requiring him to do so without compensation will not give rise to "annoyance, embarrassment, oppression, or undue burden or expense." Rather, as Judge Nelson noted in her Order, justice requires that Bayer be permitted to depose Ronwin and not have to fund litigation against itself in order to do so. *See* Judge Nelson's Order (Ex. A). Accordingly, Ronwin's request for a protective order should be denied.

For all of the foregoing reasons, Ronwin's emergency motion for a stay and protective order should be denied, and Ronwin should be ordered to appear for his deposition tomorrow or withdraw his proffered expert report.

Dated: March 22, 2007

Respectfully submitted,

Philip S. Beck
Adam Hoeflich
BARTLIT BECK HERMAN PALENCHAR & SCOTT LLP
54 West Hubbard Street, Suite 300
Chicago, IL 60610
(312) 494-4400

/signature on file/
Susan A. Weber
James W. Mizgala
Jennifer A. Foster
SIDLEY AUSTIN LLP
One South Dearborn Street
Chicago, IL 60603
(312) 853-7000

Paul J. Zidlicky
SIDLEY AUSTIN LLP
1501 K Street, N.W.
Washington, D.C. 20005
(202) 736-8000

Peter W. Sipkins (No.101540)
DORSEY & WHITNEY LLP
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
(612) 340-2600

Richard K. Dandrea
ECKERT SEAMENS CHERIN & MELLOTT, LLC
USX Tower, 600 Grant St., 44th Floor
Pittsburgh, PA. 15219
(412) 566-6000

Douglas R. Marvin
WILLIAMS & CONNOLLY
725 Twelfth Street, N.W.
Washington, DC 20005
(202) 434-5000

*Counsel for Bayer Corporation*

# CERTIFICATE OF SERVICE

I, David L. Barlett, certify that true and correct copies of the foregoing Bayer Corporation's Opposition to "Emergency Motion for Protective Order and Stay of Magistrate's Order," and exhibits were electronically filed and served, and copies of same were sent by U.S. Mail to

Dr. Edward Ronwin
945 Rolland Moore Drive, L-2
Fort Collins, CO 80526

on March 22, 2007.