UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

| | | |
|---|---|---|
| In re BAYCOL LITIGATION | ) | |
| | ) | MDL No. 1431 (MJD/SRN) |
| This Document relates to: | ) | |
| | ) | Case No. 02-0200 |
| Ronwin v. Bayer Corp. | ) | |

**PLAINTIFF'S REPLY TO BAYER'S OPPOSITION TO PLAINTIFF'S EMERGENCY MOTION FOR PROTECTIVE ORDER AND STAY OF MAGISTRATE'S ORDER**

Plaintiff, ("RONWIN"), hereby Replies to Defendant's, ("BAYER"), Opposition, ("OPPO"), to RONWIN's Emergency Motion for Protective Order and Stay of Magistrate's Order, ("MOTION").

Seemingly, in an attempt to summarize its reasons for the court to deny MOTION, BAYER argues, last ¶, p. 1, OPPO, that RONWIN, "...has not demonstrated that [RONWIN] is likely to prevail on his appeal" or "...will be irreparably injured by testifying" or "would be oppressed by giving testimony that he has offered in support of his own claims," BAYER concludes the paragraph by urging the court to "order Ronwin to appear for his deposition <u>tomorrow</u>..."

OPPO was served upon RONWIN by Plaintiff's Liaison Counsel's office by mail dated March 22, 2007; and OPPO contains a Certificate of Service whereby an employee of BAYER's attorneys assure this court of service by mail of OPPO on RONWIN on March 22, 2007 and on other attorneys on the same date by electronic means. The mail reached RONWIN on March 27, 2007. As quoted above, BAYER demands that RONWIN be ordered to appear for deposition <u>tomorrow</u> and that demand is in the last ¶, which is the conclusion or prayer of OPPO, p. 3, last ¶. "Tomorrow" was originally set for March 23, 2007 starting at 9:00 a.m., without RONWIN's agreement, Exhibit 1 hereto. Since RONWIN was served by mail on March 22, 2007 and received the service on March 27, 2007, RONWIN could not possibly appear for a

SCANNED
MAR 2 9 2007
U.S. DISTRICT COURT MPLS

deposition "tomorrow," even if the court were inclined to so order and the court would not have the time to promulgate such an order even if it were inclined to do so.

This Reply is being drafted on March 27, 2007 with intent to file and serve same by March 28, 2007. Thereafter, it would become proper for the court to act on MOTION and OPPO. But, as OPPO's prayer asks this court to perform the impossible, i.e., order RONWIN to appear for an expert deposition, "tomorrow,", which is March 23, 2007, OPPO should, on those grounds alone, be rejected, perhaps with the suggestion that BAYER's attorneys learn to read calendars and/or wake-up when composing their briefs.

But, there are firm legal reasons why OPPO needs to be rejected and MOTION granted.

In ¶ numbered "1," p. 2, OPPO, BAYER argues that "Ronwin's appeal of Judge Nelson's Order does not stay, by itself, the implementation of that Order," citing Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb, Inc., 124 F.R.D. 75, 79 (S.D.N.Y. 1989) and Moore's Federal Practice § 72, 10[4]. In the 2nd sentence, 3rd ¶, p. 2, OPPO, BAYER argues that "...Ronwin has not met the procedural requirements to seek the review of Judge Nelson's Order." BAYER is silent as to why the quoted statement is to be accepted by this court as correct, but in BAYER's Opposition to RONWIN's Motion to Review Magistrate's Order, BAYER argued, 2nd sentence, 2nd ¶, p. 2, that "Local Rule 7.1(g)," requiring a party "seeking reconsideration of an order must request permission before filing a motion."

Before considering the holding in Litton cited above, Local Rule 7.1(g) does not apply to RONWIN's Motion for Review of the Magistrate's Order. RONWIN applied for said review under 28 U.S.C. § 636(b)(1). That paragraph which follows its sub-¶s (A), (B) and (C), sets forth the procedure for a party to follow when objecting to a Magistrate's Order under either

sub-¶ (A) or sub-¶ (B), (sub-¶ (C) is not implicated). Proof is discernible from the starting sentence in ¶(b)(1) which reads: "Notwithstanding any provision of law to the contrary," (emphasis added), i.e., the provisions of §636(b)(1) apply to the mechanism to seek review of a Magistrate's Order. Section 636(b)(1) does not require the seeking of prior approval of the court to file a motion to review a Magistrate's holding under either sub-¶ (A) or sub-¶ (B).

This matter was brought to BAYER's Denver counsel's attention but is totally ignored and BAYER acts as though it is not as RONWIN informed its attorneys as RONWIN did in Exhibit 2 hereto.

Furthermore, Fed.R.Civ.P. 72(a) deals with non-dispositive matters assigned to Magistrate's. The rule requires a Magistrate to "enter into the record a written order setting forth the disposition of the matter." Further, the Rule declares:

> Within 10 days after being served with a copy of the magistrate judge's order, a party may serve and file objections to the order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made. The district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law. (emphasis added).

The rule clearly refers to sub-¶ (A) of §636(b)(1). Nothing in the rule requires prior permission to file a motion requesting review of a Magistrate's Order.

It is also significant that the Rule makes it mandatory for the district judge to review and decide the matter. Significant, too, is that despite the rule, the U.S. Supreme Court has held that the district judge is not confined to the standard of review set forth in the rule, Thomas v. Arn., 474 U.S. 140, 154, 106 S.Ct. 466, 474, 88 L.Ed.2d 435 (1985), that:

> Moreover, while the statute, [§636(b)(1)], does not require the judge to review an issue de novo if no objections are filed, it does not preclude review by the district judge sua sponte or at the request of a party, under a de novo or any other standard...

(last emphasis added; bracketed notation provided).

As above, p. 2, BAYER also rests it argument that RONWIN's Motion to Review Magistrate's Order did not automatically stay the Magistrate's Order on the grounds set forth in Litton. In Litton, the court rejected the argument advanced by Litton Indus., Inc., that filing of objections to a Magistrate's Order, (which was under §636(b)(1)(A); 124 F.R.D.@ 77), stays "...the effect of the Magistrate's decision," Litton, 124 F.R.D. @ 79, on the grounds that Moore's Federal Practice cites no authority for that contention[1]; and on the additional grounds that the contention, "...contradicts judicial authority in the Second Circuit and has no basis in the Magistrate's Act, the Federal Rules of Civil Procedure or the Local Rules of the Southern District...," 124 F.R.D. @ 79. The only Second Circuit authority cited in support in Litton is an unreported civil action, 124 F.R.D. @ 79, which is not precedent but only "law of the case" in that specific case. No portion of the "Magistrate's Act" is cited; no Fed.R.Civ.P. is cited and no Local Rule of the So. Dist. of New York is cited in Litton to support the contentions in Litton. However, as above at p. 3, and as to §636(b)(1)(A), objections to a Magistrate's Order filed within ten (10) days shall be reviewed by the Dist.Judge, Fed.R.Civ.P.72(a). In order for the Dist.Judge to review such objections, there must be an automatic stay, otherwise to carry out the Magistrate's Order prior to the Dist.Judge's approval of same would prevent the Dist.Judge from carrying out his absolute duty under Rule 72(a) as well as under §636(b)(1).

Furthermore, the court in Litton gives two absurd reasons for its view that Magistrate's Orders are not stayed on the filing of objections thereto with the Dist.Cts; (i) such automatic stays would encourage the filing of frivolous appeals, and (ii) "would grind the magistrate system to

---

[1] Moore's Fed.Prac. has since versed itself, citing Litton.

halt," 124 F.R.D. @ 79. Parties can file "frivolous appeals." There are other ways to handle such appeals which do not contradict both §636(b)(1) and F.R.C.P.72(a). Also, such appeals contradict Fed.R.Civ.P. 11, which allows that court to act on its own to remedy such appeals or other pleading indiscretions. Furthermore, it is not shown in Litton why stays upon the filing of objections to Magistrate's Orders would bring the magistrate system to a halt!

RONWIN has previously argued herein that filing objections to Magistrate's Order has the effect of staying the Magistrate's Order; see RONWIN's Reply to BAYER's Opposition to RONWIN's Motion for Review of Magistrate's Order, Item II, p. 2.

In addition to the fact that Litton rests on unpublished "authority" and presents no credible basis for its "non-stay" contentions, the statute itself orders that no contrary law, (which includes Litton), alters the provisions of §636(b)(1) which provides for objections to be filed to Magistrate's Orders and holdings based on sub-¶'s (A) and (B); since the initial phrase in §(b)(1), reads: "Notwithstanding any provisions of law to the contrary" (emphasis added). This argument also applies with equal force to Local Rule 7.1(g) of this court.

OTHER REASONS WHY AN AUTOMATIC STAY MUST APPLY:

1. To allow objections to Magistrate Orders without automatic stay would make a mockery of the right to object to Magistrate Orders. In this case, to allow an expert deposition of RONWIN to proceed before the Dist.Ct. can review the objections to the Magistrate's Order would mean that, if after the Dist.Ct. reviews the objections and agrees with RONWIN's contentions, the purpose of the objections would be totally nullified since BAYER would already have gotten what it wants despite RONWIN's right, given by statute and Fed.R.Civ.P. to object to Magistrate's Orders.

2. A lack of automatic stay on the filing of objections would interfere with the Dist.Ct's mandatory obligation under Fed.R.Civ.P. and § 636(b)(1) to review objections to Magistrate's Orders.

3. Failure to observe an automatic stay on the filing of objections to Magistrate's Orders would unlawfully interfere with RONWIN's right, in this case given by 28 U.S.C., §1292(B), to seek permission from the Eighth Circuit to file an interlocutory appeal if RONWIN is dissatisfied with the Dist. Ct's determination of the Motion to Review the Magistrate's Order, Tranello v. Frey, 962 F.2d 244, 247-248 (2nd Cir. 1992), cert. den. 113 S.Ct. 813. Permitting the Magistrate's Order to hold force without stay would make any appeal to the 8th Circuit moot since the object of the appeal would have been destroyed.

4. Furthermore, BAYER has agreed in writing that, Exhibit 3 hereto:

> ...Bayer will not proceed with [RONWIN's expert] deposition until the Court rules on such motion [i.e., the Motion for Protective Order], or the Court issues further direction to the parties... (emphasis supplied)

[And, as requested in Exh. 3, RONWIN did, of course, file the Motion for Protective Order, which has resulted in this Reply to OPPO].

Here, again, we have BAYER taking opposite positions in this matter. Per Exhibit 3, BAYER agrees to wait until the Dist.Ct. acts on RONWIN's Motion to Review Magistrate's Order, but then proceeds to challenge the Motion for Protective Order which it urged RONWIN to file in order to make an end-run around RONWIN's Motion to Review Magistrate's Order. This court must stop BAYER from advocating two diametrically opposite positions on the same matter at the same time. Ab initio, that is fraudulent and deceptive conduct.

Exhibit 3 bars BAYER from the challenge it is making to MOTION.

In the ¶ numbered "2", p. 2, OPPO, BAYER sets forth alleged points that RONWIN has failed

to demonstrate in order for his Motion to Review Magistrate's Order to be stayed. However, that discards the clear statutory authority at the start of § 636(b)(1) to the effect that objections filed to Magistrate Orders are effective if filed within ten (10) days, "Notwithstanding any provision of law to the contrary," (emphasis added). As shown above at p.3, F.R.C.P.72(a) carries similar weight. Furthermore, the points BAYER alleges that RONWIN would have to demonstrate would mean that RONWIN would have to practically prove his case in order to file objections to the Magistrate's Order. §636(b)(1) and Rule 72(a) do not contain such requirements. In addition, the representations stated above at pp. 5-6 provide sufficient reason why a filing of objections pursuant to §636(b)(1) and Rule 72(a) has to be taken as automatically staying a Magistrate's Orders or holdings.

The contention in the last ¶, p. 2, OPPO, alleging that RONWIN has not shown that Magistrate Nelson erred, is shown to be false by the content of RONWIN's Motion to Review Magistrate's Order, [e.g., Item (iv), p. 19 and the material on p. 20 to end of said Motion], and by the content of RONWIN's Reply to BAYER's Opposition to the Motion to Review, [e.g., pp. 1-5]. The argument in said ¶ of OPPO that RONWIN will not be injured by having his deposition taken before the Dist.Ct., (and later, if necessary, the 8th Cir.), reviews the Motion to Review Magistrate's Order, is shown to be nonsense above at p. 5-6, items 1-4.

In the ¶ numbered "3", p. 3, OPPO, BAYER argues that taking RONWIN's deposition would not, allegedly, be: "annoyance, embarrassment, oppression, or undue burden or expense." That argument ignores all the points made above by RONWIN per example, those on pp.5-6, items 1-4. BAYER also argues that "justice" "requires" that BAYER be permitted to take RONWIN's deposition, ¶ numbered "3", p. 3, OPPO.

What gall! If BAYER has done anything in this MDL it has been to act to deny justice to thousands of plaintiffs. While some plaintiffs now dismissed or who have abandoned their actions may have been malingering, the fact that Baycol is an horrendously dangerous and murderous drug militates in favor of the conclusion that most former plaintiffs were not faking illness due to Baycol. One reason why many of those earnest plaintiffs have been shoved out of this case is that BAYER has pushed the argument to this court that only MDs are capable of pronouncing on the cause of illness by Baycol when, in fact, as RONWIN has shown this court in his extensive Response to BAYER's triple motion, (for summary judgment and two Daubert motions, (against Drs. REYES and RONWIN), intertwined under the heading of one motion for summary judgment, and in the testimony of Drs. Servi and Prince, that MD's deal with the clinical level of medicine and do not venture into the fundamental, biochemical level of medicine, which is where the drug molecule actions on the molecules of the body are reflected and which is the how and why drugs cause illness and body disfunctions.

Adding to the false notion that only MDs can determine the cause of a drug's action, is the fact that, thanks to the insurance companies in this nation, when a patient approaches an MD and asks for an expert opinion, the MDs, knowing that their depositions will probably be taken and for which they are handsomely paid, "head for the woods." They want nothing to do with legal proceedings regardless of what is being asked of them. Thus, I have been given to understand that many of the plaintiffs in this MDL could not comply with the demand that each had to file an expert medical opinion.

But more gall by BAYER: Justice would require that BAYER confess that it has taken two contradictory position in this case, to wit: In its Motion for summary judgment, which includes

a Daubert attack on RONWIN, that RONWIN is NOT an expert, but in its Motion to Compel, BAYER assures this court that RONWIN IS an expert and therefore it has the right to take RONWIN's expert deposition. No doubt seeking "justice," BAYER lies with alacrity to this court.

If RONWIN, as BAYER represents is not an expert per its Daubert motion incorporated into its motion for summary judgment, then it cannot be allowed to take RONWIN's expert deposition nor any deposition since it has already had two fact depositions of RONWIN. If RONWIN is an expert, as BAYER also represents to this court, the BAYER must be held to have abandoned its Daubert motion against RONWIN. BAYER must not be allowed to continue to tell this court one thing when it believes that suits its position herein and the very opposite when it believes that suits its position herein. Prohibition of that situation would be JUSTICE!

BAYER is so determined to be fair and seek "justice" in this case, that it conveniently forgets to admit that it filed its Motion to Compel RONWIN's expert deposition beyond the time for taking any Phase I deposition of either party per PTO 149; and filed said motion without prior permission.

Likewise, as in Exhibit 3, BAYER goes on record stating that it would wait until this court reviews the Magistrate's Order, but then BAYER takes the opposite action and challenges the Motion for Protective Order intended to create the situation, (not really necessary under the law as well shown above), to allow the court to review the Magistrate's Order. Prohibition of that nonsense by BAYER would be JUSTICE!

RONWIN reminds whichever judge sits on the outstanding motions in this specific case that pursuant to his or her oath to the U.S. Constitution, which requires equal treatment of all parties

to an action, and that the ethical rules of judicial conduct require an identical approach to parties in any suit, that the court must not allow BAYER to continue to use lie and deceit in its advocacy in this specific case and in this MDL. In RONWIN's opinion, failure by a judge to stomp on BAYER's outrageous behavior violates Art. III, U.S. Const. BAYER's attorneys who have engaged in the lie and deceits presented to this court must be held to account for their actions.

Lastly, RONWIN has referred herein to BAYER's Motion for Summary Judgment. It would be utterly futile, time wasting, unnecessary expense and effort to have RONWIN's expert deposition taken until after (i) this court determines RONWIN's Motion to Review Magistrate's Order and, even more important, (ii) until this court determines BAYER's Motion for Summary Judgment.

**WHEREFORE**, For the reasons given above, RONWIN's Motion for Protective Order should be granted.

DATED: March 28, 2007

Edward Ronwin, pro se
945 Rolland Moore Dr., L-2
Fort Collins, CO 80526
970-221-3837

CERTIFICATE OF SERVICE

I hereby certify that I served the foregoing Reply to BAYER's Opposition to my Motion for Protective Order upon the following by FAX, this 28th day of May, 2007:

The Court Clerk's office at FAX No. 612-664-5044
Defendant's counsel at FAX No. 312-853-7036
Plaintiff's Liaison Counsel, Deanna Dailey at FAX No. 651-312-6618

Edward Ronwin

From: Dr. Edward Ronwin, 945 Rolland Moore Dr., L-2, Fort Collins, CO 80526
Telephone: 970-221-3837; FAX: 970-224-3838

To the following parties to this FAX:

The Court Clerk's Office, Dist. of Minnesota
Sidley Austin, Def's counsel, Chicago, IL (Weber/Mizgala)
Plaintiff's Liaison Counsel, Deanna Dailey at Larson-King

Date: March 28, 2007

Faxed herewith is Ronwin's Reply to Bayer's Opposition to Ronwin's Motion for Protective Order and Stay of Magistrate's Order.

If there is any problem, please call at the above telephone number.

Edward Ronwin, PhD, JD